

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-15-00181-CR
07-15-00182-CR

MICHAEL DON DENTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 18,607-B & 18,608-B, Honorable John B. Board, Presiding

October 8, 2015

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

"What a long, strange trip it's been."[1]  And, it doesn't seem to be over due to the continued meanderings of the cause before us and the arguments posed by appellant and his counsel.

The State indicted Michael Don Denton for delivering controlled substances. Rather than undergoing trial, he pled guilty to the offenses.  That resulted in the

---

[1] "Truckin'" by the Grateful Dead.

adjudication of his guilt being deferred by the trial court. No appeal was taken from the order memorializing such deferral.

Eventually, the State moved to have appellant's guilt adjudicated and such motions were eventually granted. Consequently, appellant was convicted. After perfecting appeals from the two convictions, he and his attorney represented to this court that they no longer cared to prosecute the matters. So, we dismissed the appeals. Nevertheless, several attempts were then made to attack the convictions via petitions for habeas corpus filed with the Texas Court of Criminal Appeals. When those efforts proved unsuccessful, appellant sought relief via a federal habeas proceeding questioning the effectiveness of his appellate counsel.

Relief ultimately came to appellant in the form of an order issued by the United States District Court for the Northern District of Texas in Cause No. 2:12-CV-0192. Therein, the court held: "The Writ of Habeas Corpus vacating petitioner's convictions should issue unless petitioner is afforded an out of time appeal with the assistance of counsel within sixty (60) days from the date of this order." Per this federal court order, appellant was appointed counsel by the State district court which had pronounced his guilt.

Appointed counsel filed notices of appeal stating: ". . . Michael Don Denton, Defendant in the above-styled and numbered cause . . . having been granted an out-of-time appeal by the United States District Court for the Northern District of Texas, Amarillo Division. . . desires to appeal his conviction[s] and sentence[s] to the Seventh Court of Appeals of Texas." Despite doing so and after securing a federal court order effectively directing us to afford him an appeal, he now contends that we have no jurisdiction to proceed. Also urged before us are two issues. One involves whether

2

appellant is obligated to pay a fine that was not assessed while the other concerns whether requiring him to pay a particular fee constituted an unlawful taking of property in violation of the Texas Constitution. We affirm.

### *Jurisdiction*

The State conceded that a federal court may 1) order, via a habeas proceeding, that an applicant be afforded an out-of-time appeal, and 2) thereby vest us with jurisdiction to entertain the matter. *See Carmell v. State*, 331 S.W.3d 450 (Tex. App.— Fort Worth 2010, pet. ref'd). More importantly, the Court of Criminal Appeals has so recognized. *E.g. Passmore v. State,* 617 S.W.2d 682, 683 n.1 (Tex. Crim. App. [Panel Op.] 1981), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App.1988) (stating that: "On original submission, appellant's conviction was affirmed in a per curiam opinion on June 30, 1976. Appellant has been granted an out-of-time appeal by virtue of his filing of a federal writ of habeas corpus. *See Passmore v. Estelle,* 607 F.2d 662 (5th Cir. 1979)."). So, after fighting to secure an opportunity to appeal, securing that opportunity, and then questioning our authority to entertain the appeal, appellant mistakenly urged that we lack jurisdiction to act.

### *$2,000 Fine*

Next, appellant believes he should not have to pay a $2000 fine that was not imposed upon him after his adjudication of guilt and during the oral pronouncement of sentence. We agree he should not. Yet, we overrule the issue.

If one were to look at the appellate record, the trial court did not assess such a fine either when pronouncing sentence or via its written judgment. So, contrary to appellant's belief, he was not sentenced to pay a $2000 fine. Nor is he entitled to be reimbursed for paying a fine as part of his sentence that he did not pay.

3

The judgment does refer to a $2000 fine imposed upon appellant when the trial court decided to originally defer his adjudication of guilt. Such was permitted by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014) (stating that a "judge may impose a fine applicable to the offense and require any reasonable conditions of community supervision . . . that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended, including confinement."). To the extent that this may be the fine about which he complains and which was described within the bill of costs as "paid," appellant should have raised the matter via appeal from the order deferring his adjudication of guilt. It is too late to complain once adjudicated guilty, convicted and sentenced. *Riles v. State*, 452 S.W.333, 338 (Tex. Crim. App. 2015).

### *Unconstitutional Taking*

Next, appellant asks whether ". . . TEX. LOCAL GOV'T CODE ANN. § 133.102(e)(7) (Vernon supp. 2010), requiring a defendant convicted of a felony to pay fees for a public use, violate[s] – as applied to the appellant – the Takings Clause of Article I, § 17 of the Texas Constitution?"[2] He suggests it does. We overrule the issue.

Instead of addressing the substance of appellant's argument, the State merely questions whether it was preserved. That issue seems rather settled in view of recent

---

[2] Article 1, § 17 of the Texas Constitution states that:

No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for:

(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:

(A) the State, a political subdivision of the State, or the public at large; or
(B) an entity granted the power of eminent domain under law; or

(2) the elimination of urban blight on a particular parcel of property.

TEX. CONST. art. I, § 17 (amended 2009).

precedent from the Court of Criminal Appeals. It held that "[c]onvicted defendants have . . . the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). The proceeding before us is a direct appeal, despite its having arrived via a rather circuitous route. Additionally, the issue we are being asked to review encompasses an aspect of the court costs levied upon appellant. Consequently, it can be raised here for the first time.

Next, the outcome of the dispute is controlled by *State ex rel. Pan Am. Prod. v. Texas City,* 157 Tex. 450, 303 S.W.2d 780 (Tex. 1957). There, our Supreme Court held that the Texas constitutional prohibition against the governmental taking of private property without just compensation "has reference *solely* to the exercise of the right of eminent domain. . . ." *Id.* at 782 (involving the levy of a tax). Assessing the fee in question as a court cost was and is not an exercise in what we commonly know to be eminent domain. Instead, it is akin to a levy of a tax. As such, it falls outside the scope of the takings clause. *Id.*

What a long, strange trip it's been and, no doubt, will continue to be. But, at this stop, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Publish.

5