PD-1487&1488-15

PD-1487&1488-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/17/2015 10:30:20 AM
Accepted 11/17/2015 2:46:41 PM
ABEL ACOSTA
CLERK

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

***************

# MICHAEL DON DENTON

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

***************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBERS
07-15-181-CR AND 07-15-182-CR FROM THE SEVENTH COURT
OF APPEALS AND 18,607-B AND 18, 608-B FROM THE
181st DISTRICT COURT OF RANDALL COUNTY

***************

# PETITION FOR DISCRETIONARY REVIEW

***************

FILED IN
COURT OF CRIMINAL APPEALS

November 17, 2015

ABEL ACOSTA, CLERK

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

1. **Trial Court Judge**

   Hon. John B. Board

2. **Petitioner**

   Michael Don Denton

   | | |
   |---|---|
   | Trial Counsel: | Terry D. McEachern  (State Bar No. 13577801)<br>109 East Sixth Street<br>Plainview, Texas 79072<br>Telephone: (806) 293-2669 |
   | Initial Appellate Counsel: | David Martinez  (State Bar No. 13141650)<br>1663 Broadway Street<br>Lubbock, Texas 79401<br>Telephone: (806) 744-1692 |
   | Habeas Counsel: | Bonita Gunden  (State Bar No. 08620450)<br>500 South Taylor Street<br>Lobby Box 214<br>Amarillo, Texas 79101<br>Telephone: (806) 324-2370 |
   | Appellate Counsel: | John Bennett (State Bar No. 00785691)<br>P.O. Box 19144<br>Amarillo, Texas 79114<br>Telephone: (806) 282-4455 |

3. **Respondent**

   The State of Texas

Trial
Counsel:      Robert A. Love II  (State Bar No. 00787925)
              Lacy E. Miller  (State Bar No. 24034852)
              Randall County Criminal District Attorney's Office
              2309 Russell Long Boulevard, Suite 120
              Canyon, Texas 79015
              Telephone: (806) 468-5570


Appellate
Counsel:      Kristy L. Wright (State Bar No. 00798601)
              Randall County Criminal District Attorney's Office
              2309 Russell Long Boulevard, Suite 120
              Canyon, Texas 79015
              Telephone: (806) 468-5570

# TABLE OF CONTENTS

Index of Authorities ....................................................................................5

Statement Regarding Oral Argument ...................................................8

Statement of the Case...................................................................................8

Statement of Procedural History............................................................8

Grounds for Review......................................................................................10

       **1**.     Where a federal court conditionally grants habeas relief under 28 U.S.C. § 2254, ordering that the conviction itself will be vacated unless the State affords the petitioner an out-of-time direct appeal, do the state courts automatically have jurisdiction to hear such an out-of-time appeal?

       **2**.     Does the Takings Clause of TEX. CONST. ART. I, § 17, apply solely to matters of eminent domain?

Argument for Ground One.........................................................................10

Argument for Ground Two .......................................................................14

Prayer for Relief............................................................................................15

Certificate of Compliance........................................................................15

Certificate of Service .................................................................................16

Opinion and Denial of Rehearing Below................................. following page 16

# INDEX OF AUTHORITIES

Constitutional Provisions

TEX. CONST. ART. I, § 17 (Vernon supp. 2014).................................... 4,10,14

TEX. CONST. ART. V, § 31(c) (Vernon supp. 2014).......................................11


Cases

*Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex.Crim.
App. 1991) ........................................................................... 11-13

*Carmell v. State*, 331 S.W.3d 450 (Tex.App. – Fort Worth
2010, pet. ref'd) ...........................................................................13

*Denton v. State*, __ S.W.3d __, 2015 WL 5965276 (Tex.App.
– Amarillo, October 8, 2015) ...................................................10

*Denton v. State*, 2010 WL 4260089 (Tex.App. – Amarillo,
October 8, 2010, no pet.) (not designated for
publication).......................................................................8

*Denton v. State*, 2010 WL 3943432 (Tex.App. – Amarillo,
October 8, 2010, no pet.) (not designated for
publication).......................................................................8

*Denton v. Stephens*, 2015 WL 1239379 (N.D. Tex., March
17, 2015) (not designated for publication) ...............................9

*Ex parte Hood*, 304 S.W.3d 397 (Tex.Crim.App. 2010)..................................12

*Parr v. State*, 206 S.W.3d 143 (Tex.App. – El Paso 2006,
no pet.) ........................................................................... 11-13

*Passmore v. State*, 617 S.W.2d 682 (Tex.Crim.App. 1981)..............................12

*Ragston v. State*, 424 S.W.3d 49 (Tex.Crim.App. 2014) ..................................12

*Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App. 1988)........................................12

*Rylander v. Palais Royal*, *Incorporated*, 81 S.W.3d 909
    (Tex.App. – Austin 2002, pet. denied) .....................................................14

*State v. Morales*, 869 S.W.3d 941 (Tex. 1994) ...................................................10

*State ex rel Pan American Production Company v. Texas
    City,* 157 Tex 450, 303 S.W.3d 780 (Tex. 1957) .....................................14

*Texas Workforce Commission v. Midfirst Bank*, 40 S.W.3d
    690 (Tex.App. – Austin 2001, pet. denied) ..............................................14

Statutory Provisions

28 U.S.C.A. § 2254 (West 2014) ....................................................................4,10

TEX. CODE CRIM. PRO. ANN. Art. 11.07 (Vernon
    supp. 2014) ............................................................................... 11-12

Rules

TEX. R. APP. P. 66.3(a) ............................................................... 13-14

TEX. R. APP. P. 66.3(c) .................................................................................14

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MICHAEL DON DENTON

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBERS
07-15-181-CR AND 07-15-182-CR FROM THE SEVENTH COURT
OF APPEALS AND 18,607-B AND 18, 608-B FROM THE
181st DISTRICT COURT OF RANDALL COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Michael Don Denton, petitioner, and submits this petition

for discretionary review in support of his request for a declaration that the court

of appeals had no jurisdiction to hear his appeal, or remand of this cause to the

court of appeals for review of his Takings Clause claim on its merits.

## STATEMENT REGARDING ORAL ARGUMENT

Since an issue of first impression is presented which concerns appellate jurisdiction, the petitioner requests oral argument.

## STATEMENT OF THE CASE

The petitioner pled guilty to two charges of delivery of a controlled substance and was placed on deferred adjudication community supervision. Later the trial court proceeded to adjudication and sentenced him to twenty years' imprisonment in each case, to run concurrently.

## STATEMENT OF PROCEDURAL HISTORY

Shortly after the adjudication and sentencing, the petitioner initially filed a notice of appeal in each case, but on the advice of counsel, later asked that the appeals be dismissed. The court of appeals dismissed the appeals on October 8, 2010. *Denton v. State*, 2010 WL 3943432 (Tex.App. – Amarillo, October 8, 2010, no pet.) (not designated for publication); *Denton v. State*, 2010 WL 4260089 (Tex.App. – Amarillo, October 8, 2010, no pet.) (not designated for publication). The mandate issued the same day. Represented by new counsel, the petitioner then filed habeas proceedings in state and then federal court, claiming among other things denial of effective assistance of appellate counsel.

8

Ultimately the Magistrate Judge for the United States District Court for the Northern District of Texas, Amarillo Division, found merit in the ineffectiveness argument, and recommended granting the writ. The relief ordered, though, entailed vacating the petitioner's convictions in the event the State had not, within 60 days, afforded him an out-of-time appeal:

> The Writ of Habeas Corpus vacating petitioner's convictions should issue unless petitioner is afforded an out of time appeal with the assistance of counsel within sixty (60) days from the date of this order.

*Denton v. Stephens*, 2015 WL 1239379, at *1 (N.D. Tex., March 17, 2015) (not designated for publication). The Order was issued on March 17, 2015. *Id*.

The trial court appointed undersigned counsel to represent the petitioner in the court of appeals; counsel then duly filed notices of appeal. But otherwise no action was taken by the parties or the courts until May 18, 2015 – two days after the federal court deadline *expired*. On that day the court of appeals issued a letter directing the parties to show why jurisdiction lay over the appeal.

In their responses, the appellant asserted that a want of jurisdiction existed; he also filed a motion in the federal court asking that the federal writ be issued and the petitioner's convictions vacated. The Texas Attorney General, filed a response on the state's behalf, arguing that jurisdiction lies to hear the appeal. The Amarillo federal district court denied the motion without prejudice, pending the state courts' decision on the jurisdictional question.

9

Then, after briefing, in a published opinion on October 8, 2015, the Seventh Court of Appeals found that jurisdiction existed and affirmed the convictions. *Denton v. State*, __ S.W.3d __, 2015 WL 5965276 (Tex.App. – Amarillo, October 8, 2015). A copy of the ruling is attached. A motion for rehearing was filed on October 12, 2015, but overruled without opinion on October 22, 2015. A copy of the letter overruling rehearing is also attached.

## GROUNDS FOR REVIEW

**1**. Where a federal court conditionally grants habeas relief under 28 U.S.C. § 2254, ordering that the conviction itself will be vacated unless the State affords the petitioner an out-of-time direct appeal, do the state courts automatically have jurisdiction to hear such an out-of-time appeal?

**2**. Does the Takings Clause of TEX. CONST. ART. I, § 17, apply solely to matters of eminent domain?

## ARGUMENT FOR GROUND ONE

Where a federal court conditionally grants habeas relief under 28 U.S.C. § 2254, ordering that the conviction itself will be vacated unless the State affords the petitioner an out-of-time direct appeal, do the state courts automatically have jurisdiction to hear such an out-of-time appeal?

The "jurisdiction of Texas courts – the very authority to decide cases – is conferred solely by the constitution and the statutes of the state." *State v. Morales*, 869 S.W.3d 941, 942 (Tex. 1994). Via statutes the Legislature "may

delegate to the Supreme Court or" this Court "the power to promulgate such other rules as may be prescribed by law or this Constitution, subject to such limitations and procedures as may be provided by law." TEX. CONST. ART. V, § 31(c) (Vernon supp. 2014). But jurisdiction "must be *expressly* given – the "standard for determining jurisdiction is not whether the appeal is *precluded* by law, but whether the appeal is *authorized* by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex.Crim.App. 2014) (emphases added).

Specifically in this regard, the Court has noted that it is "the *only* court with jurisdiction in final post-conviction felony proceedings." *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (emphasis added). And based on this and on TEX. CODE CRIM. PRO. Art. 11.07, several courts of appeals have found that this Court "has the exclusive authority to grant post-felony conviction relief, such as an out-of-time appeal, if the defendant is then confined as a result of that final felony conviction." *Parr v. State*, 206 S.W.3d 143, 145 (Tex.App. – El Paso 2006, no pet.).

Accordingly, a federal court's conditional order vacating a conviction in the event that an out-of-time appeal is not afforded, as here, appears to invoke no jurisdiction in the state courts. Such an order does not even require the state courts to hear an out-of-time appeal – it simply gives the *State* a chance to save the convictions by permitting a new appeal.

11

In these circumstances, the State might well seek an order from this Court, such as by moving the Court to reconsider the petitioner's original Article 11.07 application on the Court's own motion, as the Court has done in previous habeas applications, *e.g. Ex parte Hood*, 304 S.W.3d 397 (Tex.Crim.App. 2010). An appropriate order would vest the court of appeals with jurisdiction to hear the out-of-time appeal under *Ater* and *Parr*. But the State did nothing along these lines to ensure that jurisdiction would lie to hear the appeal.

Yet the court of appeals deemed jurisdiction proper based on a footnote to an old case, *Passmore v. State*, 617 S.W.2d 682 (Tex.Crim.App. 1981), overruled on other grounds by *Reed v. State*, 744 S.W.2d 112 (Tex.Crim.App. 1988). In *Passmore* this Court wrote that the appellant had "been granted an out-of-time appeal by virtue of his filing a federal writ of habeas corpus. *Id*. at 683, n. 1. But while *Passmore* does not mention jurisdiction, in a brief paragraph the court of appeals held that, under *Passmore*, a federal court *itself* may, "via a habeas proceeding," order an out-of-time state appeal, and "thereby vest" the state court of appeals "with jurisdiction to entertain the matter" (court of appeals opinion, attached, p. 3). The brief footnote in question in *Passmore* appears to be nothing more than a statement that the federal writ petition was filed and that an out-of-time appeal was granted – the opinion does not mention what else may have been done to ensure that jurisdiction would lie.

The court of appeals also cited a case which, while not mentioning *Ater* or *Parr*, deemed jurisdiction proper based entirely on the new notice of appeal being filed "within the time specified by the federal court in its order." *Carmell v. State*, 331 S.W.3d 450, 454-5, 458 (Tex.App. – Fort Worth 2010, pet. ref'd) (court of appeals opinion, p. 3). This does not address the situation at hand; unless the federal court order could *itself* vested the court of appeals with jurisdiction to hear the out-of-time appeal, Mr. Carmell's new notice of appeal – and that filed recently by the petitioner here – were submitted far more than 30 days after sentencing, and were therefore still untimely. The discussion of jurisdiction in *Carmell* addresses mainly the court of appeals' jurisdiction to hear matters not mentioned in the federal court's order – and since the federal court's order here does not discuss possible issues to be raised in an out-of-time appeal, that question here is moot.

Accordingly, the court of appeals' opinion – and that of *Carmell* as well – both conflict with those of this Court in *Ater* and *Parr*. The conflict is considered as a factor "in deciding whether to grant discretionary review." TEX. R. APP. P. 66.3(a)&(c).

## ARGUMENT FOR GROUND TWO

Does the Takings Clause of TEX. CONST. ART. I, § 17, apply solely to matters of eminent domain?

The petitioner below claimed that part of the court costs charged him violated the Takings Clause of TEX. CONST., article I, § 17 (Vernon supp. 2014). In response, after finding the issue properly raised, the court of appeals, citing *State ex rel Pan American Production Company v. Texas City*, 157 Tex 450, 303 S.W.3d 780 (Tex. 1957), concluded that the Takings Clause applies *only* to cases of eminent domain. (Court of Appeals' Opinion, p. 5).

But later cases from other courts of appeals have applied the Takings Clause of Article I, § 17 to situations other than eminent domain, and the Texas Supreme Court has not seen fit to overturn these holdings. See *e.g. Rylander v. Palais Royal, Incorporated*, 81 S.W.3d 909, 915 (Tex.App. – Austin 2002, pet. denied) ("[State] takings-clause claims are *not* absolutely limited to eminent domain") (emphasis added); *Texas Workforce Commission v. Midfirst Bank*, 40 S.W.3d 690, 697 (Tex.App. – Austin 2001, pet. denied) ("we will *not* limit takings-clause actions to situations involving eminent domain").

Again, therefore, the court of appeals' decision conflicts with those of other courts of appeals. The case for discretionary review is strengthened by this. TEX. R. APP. P. 66.3(a) (emphasis added).

## PRAYER FOR RELIEF

The petitioner therefore prays the Court grant discretionary review and find a want of jurisdiction at the court of appeals, or remand for analysis of the Takings Clause claim on its merits, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 2,521 words, and thus within the prescribed limit. TEX. R. APP. P. 93(i)(2)(D).

/s/ JOHN BENNETT
John Bennett

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this PDR has been served by prepaid U.S. Mail, first class delivery prepaid, on Kristy Wright, Esq., Assistant Criminal District Attorney for Randall County, by United States Mail, first class delivery prepaid, to her at 2309 Russell Long Blvd #110, Canyon, TX 79015, and by email to her at klscrivner@yahoo.com, and on Lisa McMinn, Esq., State Prosecuting Attorney, by United States Mail, first class delivery prepaid, to her at P.O. Box 13046, Austin, Texas 78711, and by email to her at lisa.mcminn@spa.texas.gov, all on November 17, 2015.

/s/ JOHN BENNETT
John Bennett



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-15-00181-CR
07-15-00182-CR

MICHAEL DON DENTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 18,607-B & 18,608-B, Honorable John B. Board, Presiding

October 8, 2015

OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

"What a long, strange trip it's been."[1] And, it doesn't seem to be over due to the continued meanderings of the cause before us and the arguments posed by appellant and his counsel.

The State indicted Michael Don Denton for delivering controlled substances. Rather than undergoing trial, he pled guilty to the offenses. That resulted in the

---

[1] "Truckin'" by the Grateful Dead.

adjudication of his guilt being deferred by the trial court. No appeal was taken from the order memorializing such deferral.

Eventually, the State moved to have appellant's guilt adjudicated and such motions were eventually granted. Consequently, appellant was convicted. After perfecting appeals from the two convictions, he and his attorney represented to this court that they no longer cared to prosecute the matters. So, we dismissed the appeals. Nevertheless, several attempts were then made to attack the convictions via petitions for habeas corpus filed with the Texas Court of Criminal Appeals. When those efforts proved unsuccessful, appellant sought relief via a federal habeas proceeding questioning the effectiveness of his appellate counsel.

Relief ultimately came to appellant in the form of an order issued by the United States District Court for the Northern District of Texas in Cause No. 2:12-CV-0192. Therein, the court held: "The Writ of Habeas Corpus vacating petitioner's convictions should issue unless petitioner is afforded an out of time appeal with the assistance of counsel within sixty (60) days from the date of this order." Per this federal court order, appellant was appointed counsel by the State district court which had pronounced his guilt.

Appointed counsel filed notices of appeal stating: ". . . Michael Don Denton, Defendant in the above-styled and numbered cause . . . having been granted an out-of-time appeal by the United States District Court for the Northern District of Texas, Amarillo Division. . . desires to appeal his conviction[s] and sentence[s] to the Seventh Court of Appeals of Texas." Despite doing so and after securing a federal court order effectively directing us to afford him an appeal, he now contends that we have no jurisdiction to proceed. Also urged before us are two issues. One involves whether

2

appellant is obligated to pay a fine that was not assessed while the other concerns whether requiring him to pay a particular fee constituted an unlawful taking of property in violation of the Texas Constitution.  We affirm.

### *Jurisdiction*

The State conceded that a federal court may 1) order, via a habeas proceeding, that an applicant be afforded an out-of-time appeal, and 2) thereby vest us with jurisdiction to entertain the matter.  *See Carmell v. State*, 331 S.W.3d 450 (Tex. App.—Fort Worth 2010, pet. ref'd).  More importantly, the Court of Criminal Appeals has so recognized.  *E.g. Passmore v. State,* 617 S.W.2d 682, 683 n.1 (Tex. Crim. App. [Panel Op.] 1981), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App.1988) (stating that: "On original submission, appellant's conviction was affirmed in a per curiam opinion on June 30, 1976. Appellant has been granted an out-of-time appeal by virtue of his filing of a federal writ of habeas corpus. *See Passmore v. Estelle,* 607 F.2d 662 (5th Cir. 1979).").  So, after fighting to secure an opportunity to appeal, securing that opportunity, and then questioning our authority to entertain the appeal, appellant mistakenly urged that we lack jurisdiction to act.

### *$2,000 Fine*

Next, appellant believes he should not have to pay a $2000 fine that was not imposed upon him after his adjudication of guilt and during the oral pronouncement of sentence.  We agree he should not.  Yet, we overrule the issue.

If one were to look at the appellate record, the trial court did not assess such a fine either when pronouncing sentence or via its written judgment.  So, contrary to appellant's belief, he was not sentenced to pay a $2000 fine.  Nor is he entitled to be reimbursed for paying a fine as part of his sentence that he did not pay.

3

The judgment does refer to a $2000 fine imposed upon appellant when the trial court decided to originally defer his adjudication of guilt. Such was permitted by statute. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014) (stating that a "judge may impose a fine applicable to the offense and require any reasonable conditions of community supervision . . . that a judge could impose on a defendant placed on community supervision for a conviction that was probated and suspended, including confinement."). To the extent that this may be the fine about which he complains and which was described within the bill of costs as "paid," appellant should have raised the matter via appeal from the order deferring his adjudication of guilt. It is too late to complain once adjudicated guilty, convicted and sentenced. *Riles v. State*, 452 S.W.333, 338 (Tex. Crim. App. 2015).

### *Unconstitutional Taking*

Next, appellant asks whether ". . . TEX. LOCAL GOV'T CODE ANN. § 133.102(e)(7) (Vernon supp. 2010), requiring a defendant convicted of a felony to pay fees for a public use, violate[s] – as applied to the appellant – the Takings Clause of Article I, § 17 of the Texas Constitution?"[2] He suggests it does. We overrule the issue.

Instead of addressing the substance of appellant's argument, the State merely questions whether it was preserved. That issue seems rather settled in view of recent

---

[2] Article 1, § 17 of the Texas Constitution states that:

No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for:

(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:

   (A) the State, a political subdivision of the State, or the public at large; or
   (B) an entity granted the power of eminent domain under law; or

(2) the elimination of urban blight on a particular parcel of property.

TEX. CONST. art. I, § 17 (amended 2009).

4

precedent from the Court of Criminal Appeals. It held that "[c]onvicted defendants have . . . the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). The proceeding before us is a direct appeal, despite its having arrived via a rather circuitous route. Additionally, the issue we are being asked to review encompasses an aspect of the court costs levied upon appellant. Consequently, it can be raised here for the first time.

Next, the outcome of the dispute is controlled by *State ex rel. Pan Am. Prod. v. Texas City,* 157 Tex. 450, 303 S.W.2d 780 (Tex. 1957). There, our Supreme Court held that the Texas constitutional prohibition against the governmental taking of private property without just compensation "has reference *solely* to the exercise of the right of eminent domain. . . ." *Id.* at 782 (involving the levy of a tax). Assessing the fee in question as a court cost was and is not an exercise in what we commonly know to be eminent domain. Instead, it is akin to a levy of a tax. As such, it falls outside the scope of the takings clause. *Id.*

What a long, strange trip it's been and, no doubt, will continue to be. But, at this stop, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Publish.

5



**BRIAN QUINN**
Chief Justice

**JAMES T. CAMPBELL**
Justice

**MACKEY K. HANCOCK**
Justice

**PATRICK A. PIRTLE**
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

**VIVIAN LONG**
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

October 22, 2015

John Bennett
Attorney at Law
P. O. Box 19144
Amarillo, TX 79114
* DELIVERED VIA E-MAIL *

Warren L. Clark
Kristy Wright
Asst. Criminal District Attorney
Randall County Justice Center
2309 Russell Long Blvd., Suite 120
Canyon, TX 79015
* DELIVERED VIA E-MAIL *

**RE:** Case Number: 07-15-00181-CR, 07-15-00182-CR
Trial Court Case Number: 18,607-B, 18,608-B

**Style:** Michael Don Denton v. The State of Texas

Dear Counsel:

By Order of the Court, Appellant's Motion for Rehearing is this day overruled.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK