**Joe Lee BOWDEN, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14-14-00955-CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Majority and Dissenting Opinions
filed October 18, 2016

Jani J. Maselli Wood, Houston, TX, for Appellant.

Melissa H. Stryker, Houston, TX, for State

## MAJORITY OPINION

Tracy Christopher, Justice

When we decided this case on original submission, we held that appellant, by not objecting in the trial court, had failed to preserve error on his complaint that a portion of his mandatory court costs amounted to an unconstitutional taking. *See Bowden v. State*, No. 14–14–00955-CR, 2016 WL 1128182, at *7 (Tex. App.—Houston [14th Dist.] Mar. 22, 2016) (mem. op., not designated for publication), *vacated*, No. PD–0394–16, 2016 WL 4938245 (Tex. Crim. App. Sept. 14, 2016) (per curiam) (not designated for publication). Relying on this court's decision in *Johnson v. State*, 475 S.W.3d 430 (Tex. App.—Houston [14th Dist.] 2015, pet. filed), we explained that

appellant had an opportunity to object in the trial court because the mandatory court costs were statutory, which meant that appellant had prior constructive notice that he would be taxed with those costs in the event of his conviction. *See Bowden*, 2016 WL 1128182, at *7.

We issued our opinion without the benefit of *London v. State*, 490 S.W.3d 503 (Tex. Crim. App. 2016), which was decided nearly two months later. In *London*, the Court of Criminal Appeals explained that a defendant may "challenge the imposition of even mandatory court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs." *Id.* at 507.

Appellant filed a petition for discretionary review in the wake of *London*. The Court of Criminal Appeals granted appellant's petition, vacated our judgment, and remanded the case to us for reconsideration. Following *London*, we hold that appellant may bring his court-costs challenge for the first time on direct appeal because his costs were not imposed in open court, nor were they itemized in the court's judgment. We accordingly address the merits of appellant's complaint.

The trial court assessed $133 in consolidated court costs because appellant was convicted of a felony. *See* Tex. Loc. Gov't Code § 133.102(a)(1) ("A person convicted of an offense shall pay as a court cost, in addition to all other costs ... $133 on conviction of a felony ...."). Appellant challenges 5.5904% of those court costs (or roughly $7.44 if the court costs are paid in full), which are to be allocated by statute to an emergency radio infrastructure account. *Id.* § 133.102(e)(11). Appellant contends that this fractional amount represents an unconstitutional taking in violation of both

the United States and Texas Constitutions.

We begin our analysis with appellant's state constitutional argument. The Texas Constitution provides:

No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for:

(1) the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by:

(A) the State, a political subdivision of the State, or the public at large;

(B) an entity granted the power of eminent domain under law; or

(2) the elimination of urban blight on a particular parcel of property.

Tex. Const. art. I, § 17(a).

Appellant contends that money is property, and that the taking of money as a court cost is therefore encompassed by this state constitutional provision. Appellant's argument is difficult to harmonize with the provision's plain text, which references the "power of eminent domain" and the "elimination of urban blight." These matters relate to the taking of real property, not personal property. See State ex rel. Pan Am. Prod. Co. v. Texas City, 157 Tex. 450, 453, 303 S.W.2d 780, 782 (1957) ("The constitutional inhibition against taking private property for public use without compensation has reference solely to the exercise of the right of eminent domain and not to taxation for public use."). Another subsection in this provision even uses the word "money" in juxtaposition with "property," indicating that the two words do not have the same meaning and that a mere financial obligation would not be subject to a traditional takings analysis. See Tex. Const. art. I, § 17(d) ("When a person's property is taken under Subsection (a) of this section, except for the use of the State, compensation as described by Subsection (a) shall be first made, or secured by a deposit of money ....").

The Amarillo Court of Appeals recently addressed a very similar takings challenge. In Denton v. State, the court was asked to consider whether a taking occurred in the portion of the defendant's court costs that must be allocated to the law enforcement and custodial officer supplemental retirement fund. See Denton v. State, 478 S.W.3d 848, 851–52 (Tex. App.—Amarillo 2015, pet. ref'd) (addressing Tex. Loc. Gov't Code § 133.102(e)(7)). The court held that there was no taking because the court costs were more akin to a levy of a tax than to the exercise of eminent domain. Id. We agree with the analysis in Denton and conclude that appellant's challenge falls outside the scope of the state constitutional prohibition against the taking of property without adequate compensation.

We reach the same conclusion with regards to appellant's federal constitutional argument.

The Takings Clause of the United States Constitution provides that private property shall not "be taken for public use, without just compensation." See U.S. Const. amend. V. Appellant argues that this clause applies because he has been ordered to bear a cost that should be borne by the public as a whole. Appellant has not cited to any authority that directly supports his position that court costs can amount to a taking in violation of the clause.

To our knowledge, the Supreme Court has not directly addressed that issue either. However, the Court has had occasion to consider the relationship between economic regulations and the Takings Clause. In Eastern Enterprises v. Apfel, Justice Kennedy opined that the Takings Clause

should not apply to government-imposed financial obligations that do "not operate upon or alter an identified property interest." *See E. Enters. v. Apfel*, 524 U.S. 498, 541, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998) (Kennedy, J., concurring). Justice Kennedy's position was shared by four justices in dissent, who asserted that "[t]he 'private property' upon which the [Takings] Clause traditionally has focused is a specific interest in physical or intellectual property." *Id.* at 554, 118 S.Ct. 2131 (Breyer, J., dissenting). There has been no showing or argument that the court costs assessed in this case would affect any of appellant's physical or intellectual property interests.

Lower federal courts have specifically rejected the argument that money payments could be considered a taking. *See BEG Invs., LLC v. Alberti*, 34 F.Supp.3d 68, 87–88 (D.D.C. 2014); *Commonwealth Edison Co. v. United States*, 46 Fed.Cl. 29, 40 (Fed. Cl. 2000); *Atlas Corp. v. United States*, 895 F.2d 745, 756 (Fed. Cir. 1990). In *Alberti*, for instance, the court reasoned that it would be "circular and nonsensical" to treat financial obligations as takings because the government would then be required to compensate the obligor with the fair market value of the property taken, which, in the case of money, would always be the same amount that was exacted in the first place. *See Alberti*, 34 F.Supp.3d at 88.

In light of these authorities, we hold that the trial court's assessment of court costs is a mere financial obligation, which does not effect a taking within the meaning of the United States and Texas Constitutions. Therefore, we reject appellant's

court-costs challenge and affirm the trial court's judgment.

(Frost, C.J., dissenting).

Kem Thompson Frost, Chief Justice, dissenting

Today the panel holds that a criminal defendant may challenge the constitutionality of court costs for the first time on direct appeal because they were not imposed in open court nor itemized in the trial court's judgment. In reaching this holding, the panel concludes that in *London v. State*,[1] the Court of Criminal Appeals implicitly overruled this court's precedent in *Johnson v. State*.[2] *London* did not overrule *Johnson*. The panel should apply our holding in *Johnson* to today's case and hold that appellant failed to preserve error on his constitutional claims and therefore may not raise them for the first time in this appeal. Because the majority incorrectly concludes that appellant need not preserve error in the trial court, I respectfully dissent.

**The defendant must preserve error when the defendant has knowledge of an issue.**

In *London*, the Court of Criminal Appeals reiterated the familiar rule that a party generally must complain in the trial court to preserve that complaint for appellate review.[3] The high court recapped the rule's rationale, explaining that the error-preservation requirement

(1) ensures that the trial court will have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to

---

**1.** 490 S.W.3d 503 (Tex. Crim. App. 2016).

**2.** *See* 475 S.W.3d 430 (Tex. App.—Houston [14th Dist.] 2015, pet. filed).

**3.** *See* 490 S.W.3d at 506–07.

respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier of fact.[4]

According to the high court, a party satisfies the requirement of a timely trial-level complaint if the party makes the complaint " 'as soon as the grounds for it become apparent,' " which means " 'as soon as the [objecting party] knows or should know that an error has occurred.' "[5] If a party had no opportunity to raise an objection in the trial court when the party first knew or should have known of the alleged error, then preservation of error in the trial court is not required.[6] The *London* court concluded that the appellant in that case "was not required to raise his as-applied challenge in the trial court because his first opportunity to do so was on direct appeal."[7]

## A defendant generally has constructive knowledge of mandatory court costs.

The Court of Criminal Appeals has held that convicted persons have constructive notice of mandatory court costs imposed by statute.[8] A defendant who has constructive notice of these mandatory court costs should know that the court costs will be imposed as required by statute.[9] Appellant had constructive knowledge of the $133 in consolidated court costs assessed against him because appellant was convicted of a felony.[10] And, because appellant had constructive notice of the court costs, appellant had an opportunity to object in the trial court.[11] *London* presented a different set of facts.

## The appellant in *London* did not have constructive knowledge of the court costs he challenged.

The Court of Criminal Appeals did not explain its reasoning for determining that the appellant in *London* did not have an opportunity to object to the imposition of court costs in the trial court, but the appellant in *London* did not have constructive knowledge of the court costs to be imposed against him.[12] The appellant in *London* challenged the court costs imposed under articles 102.011(a)(3) and 102.011)(b) of the Code of Criminal Procedure as applied to him, arguing that the costs violated his constitutional rights because his inability to pay the costs prevented him from establishing a defense.[13] Article 102.011(a)(3) imposes a five-dollar fee for the peace officer's services in summoning a witness. Article 102.011(b) imposes a fee of "29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service. ... The defendant shall also pay all necessary and reasonable expenses for meals and lodging incurred by the officer in the performance of services under this subsection to the extent such expenses meet the requirements of Section

4. *Id.*

5. *Id.* at 507 (quoting *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) and *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)).

6. *Id.*

7. *See id.* at 505.

8. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014).

9. *See Johnson*, 423 S.W.3d at 389; *Cardenas*, 423 S.W.3d at 399.

10. *See* Tex. Loc. Gov't Code § 133.102(a)(1) (West, Westlaw through 2015 R.S.); *Johnson*, 423 S.W.3d at 389; *Cardenas*, 423 S.W.3d at 399.

11. *See Johnson*, 475 S.W.3d at 435.

12. *See London*, 490 S.W.3d at 506.

13. *See* Tex. Code Crim. Ann. arts. 102.011(a)(3), (b) (West 2016).

611.001."[14] Unlike the court costs appellant challenges today, of which he had constructive notice, the costs imposed under article 102.011 vary and may not be known to a defendant until they are assessed. Accordingly, the appellant in *London* did not have the opportunity to challenge the court costs assessed against him in the trial court. The *London* court's conclusion that he was not required to object to court costs is thus consistent with the high court's jurisprudence allowing an appellant to present a challenge for the first time on appeal if the appellant did not have the opportunity to object in the trial court. **The majority's interpretation of *London* is inconsistent with binding precedent.**

The Court of Criminal Appeals's holding in *London* is consistent with its precedent in *Johnson* and *Cardenas* and with this court's precedent in *Johnson* that a defendant must preserve error unless he had no opportunity to do so.[15] The appellant in *London* did not have constructive knowledge of the court costs imposed upon him in the trial court and thus did not have an opportunity to object.

Interpreting *London* as holding that a defendant need not ever object to court costs in the trial court, unless those costs are imposed in open court or detailed in the final judgment, flies in the face of the Court of Criminal Appeals's holdings in both *Johnson* and *Cardenas* that a defendant has constructive notice of mandatory court costs.[16] The majority's interpretation creates a jurisprudential incongruity.

In *Cardenas*, the high court concluded that a defendant's rights to due process of law were not violated by the State's failure to provide a bill of costs because the defendant had constructive notice of the costs.[17] And, notably, the high court deemed this constructive notice sufficient to provide the defendant with notice and an opportunity to be heard.[18] If, as the panel holds today, constructive notice is insufficient to provide a defendant with enough knowledge to trigger the defendant's obligation to object in the trial court, then constructive notice would be insufficient to provide a defendant with an opportunity to be heard, contrary to what the Court of Criminal Appeals concluded in *Cardenas*.[19] Thus, the majority's interpretation of *London* undermines the *Cardenas* court's holding that the failure to provide a defendant with a bill of costs does not violate the defendant's right to due process of law.[20]

Instead of interpreting *London* in a way that clashes with *Cardenas*, the panel should read *London* as dovetailing with the high court's precedent. *London* turns on the defendant's lack of opportunity to raise the complaint in the trial court.[21] Rather than overruling this court's opinion in *Johnson* and the high court's precedent in *Johnson* and *Cardenas*, the *London* court, after reciting the requirement that a party object "as soon as the grounds for [objection] become apparent," concluded that the appellant in that case had no opportunity to object to the imposition of court costs in the trial court.[22] By contrast,

---

14. *See* Tex. Code Crim. Ann. art. 102.011(b).

15. *See Johnson*, 475 S.W.3d at 435; *Cardenas*, 423 S.W.3d at 399; *Johnson*, 423 S.W.3d at 389.

16. *See Johnson*, 475 S.W.3d at 435; *Cardenas*, 423 S.W.3d at 399.

17. *See Cardenas*, 423 S.W.3d at 399.

18. *See id.*

19. *See id.*

20. *See id.*

21. *London*, 490 S.W.3d at 505–07.

22. *See London*, 490 S.W.3d at 507.

in today's case, appellant had constructive notice that $133 in consolidated court costs would be assessed against him. With this knowledge, appellant had an opportunity to object in the trial court and appellant was required to preserve error on this complaint. Yet, he failed to do so.

**Because appellant forfeited his constitutional complaints, this court should not address them.**

Because appellant failed to preserve error for appellate review, he forfeited his constitutional complaints and cannot raise them for the first time on appeal.[23] For this reason, this court should overrule appellant's challenges and not address the merits of his claims under the Takings Clause of the United States Constitution or under Article 1, Section 17 of the Texas Constitution.

---

**23.** *See* Tex. R. App. P. 33.1; *Johnson,* 475 S.W.3d at 435.