**Motion for Rehearing Granted; Affirmed; Opinion of August 16, 2016 Withdrawn, and Substitute Opinion filed October 25, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00688-CR

### DAMONTE BONDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1436427**

## S U B S T I T U T E   O P I N I O N [1]

Appellant Damonte Bonds raises two court-costs issues in this appeal from his aggravated-robbery conviction. He asserts that (1) he was not provided a bill of court costs as required by Texas Code of Criminal Procedure article 103.001 and (2) assessing court costs under Texas Local Government Code section 133.102 is a

---

[1] The court grants appellant's motion for rehearing to reconsider the court's preservation-of-error analysis on appellant's second issue. We withdraw the opinion issued on August 16, 2016, and issue this substitute opinion.

taking that violates the Texas Constitution and United States Constitution. We affirm.

## BACKGROUND

Appellant pleaded "guilty" to aggravated robbery with a deadly weapon and was convicted of that offense. The trial court sentenced him to seven years' confinement. Assessed court costs amounted to $259.00, including $13.06 to fund rehabilitation services. Appellant now challenges the assessment of these court costs.

## BILL OF COSTS

In his first issue, appellant asserts that he was not provided a bill of costs as required by Code of Criminal Procedure article 103.001. Appellant requests that we enjoin the Texas Department of Criminal Justice from taking money out of his inmate account until he is provided a bill of costs.

In 2015, the Legislature amended Code of Criminal Procedure article 103.001, entitled "Costs Payable," effective June 19, 2015, to read:

> (b) In a court other than a justice or municipal court, a cost is not payable by the person charged with the cost until a written bill containing the items of cost is:
>   (1) produced;
>   (2) signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and
>   (3) provided to the person charged with the cost.

Tex. Code Crim. Proc. Ann. art. 103.001 (West, Westlaw through 2015 R.S.). To resolve appellant's first issue, we must determine if appellant was provided with a bill of costs within the meaning of this statute.

Issues of statutory interpretation are questions of law that we review de novo. *See Williams v. State,* 253 S.W.3d 673, 677 (Tex. Crim. App. 2008). When

2

interpreting statutory language, we focus on the "collective intent or purpose of the legislators who enacted the legislation." *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To determine the collective intent of the Legislature, we look first to the literal text. *Id.* The statutory language provides the best means to determine "the fair, objective meaning of that text at the time of its enactment." *Id.* We construe an unambiguous statute according to its plain meaning, unless such a construction would produce an absurd result. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing *Boykin,* 818 S.W.2d at 785–86).

Appellant asserts that the costs assessed against him are not payable because he was not provided with a written bill containing the items of costs, as required by article 103.001. Because the Code of Criminal Procedure does not define "provided," the word is "to be taken and understood in [its] usual acceptation in common language." Tex. Code Crim. Proc. Ann. art. 3.01 (West, Westlaw through 2015 R.S.). The verb "provide" means "make available for use; supply." NEW OXFORD AMERICAN DICTIONARY 1406 (3rd ed. 2010). The word, as commonly used, means that if one is to be "provided" with something, one must have that thing supplied to him or at least made available to him. *See id.*

Appellant states in his appellate brief that "[a]n accompanying bill of costs, dated August 10, 2015, lists court costs as $259.00," and he cites page 65 of the clerk's record to support this statement. Appellant's statement shows that appellant has seen "a written bill containing the items of cost." *See* Tex. Crim. Proc. Code Ann. § art. 103.001. Article 103.001 does not identify a particular actor who must provide the bill of costs but specifies that a cost is not payable until a written bill containing the items of cost is provided. Because appellant has seen and examined the bill of costs, we conclude that the bill of costs was supplied to

appellant or at least made available to him.  Thus, appellant has been provided with a written bill containing the items of cost.  *See id.*

Inasmuch as our record reflects that the bill of costs has been provided to appellant, we find no merit in his first issue. Without deciding whether the relief appellant seeks is proper, we overrule appellant's first issue.

### CONSTITUTIONAL CHALLENGES

In his second issue, appellant asserts Local Government Code section 133.102 violates the Texas Constitution and United States Constitution by authorizing the trial court to collect $133.00 as court costs, $13.06 of which is used for comprehensive rehabilitation.  *See* Tex. Loc. Gov't Code Ann. § 133.102 (West, Westlaw through 2015 R.S.).  Appellant argues that using court costs to fund rehabilitation efforts violates the Takings Clause of the Fifth Amendment to the United States Constitution and article I, section 17 of the Texas Constitution because his private property was taken for public use without just compensation. *See* U.S. Const. amend. V; Tex. Const. art. I, § 17.

Appellant did not voice these objections in the trial court and raises them for the first time on appeal.  A divided panel of this court has determined that the Court of Criminal Appeals's precedent in *London v. State*, 490 S.W.3d 503 (Tex. Crim. App. 2016), excused the requirement of error preservation for challenges to court costs that are not imposed in open court nor itemized in the court's judgment. *See Bowden v. State*, — S.W.3d —,—, 2016 WL 6107625 at *— (Tex. App.— Houston [14th Dist.] Oct. 18, 2016, no pet. h.).[2]  In today's case, the trial court did

---

[2] One panel member concluded that defendants challenging court costs must object in the trial court because the Court of Criminal Appeals has concluded that in most cases defendants have constructive notice of court costs and constructive notice provides a defendant with the knowledge necessary to trigger the defendant's obligation to object to the costs in the trial court when the defendant has an opportunity to do so.  *See Bowden v. State*, No. 14-14-00955-CR,

4

not impose the court costs in open court or itemize the costs in the judgment. Thus, under the *Bowden* precedent, notwithstanding appellant's failure to preserve error in the trial court, we address the merits of appellant's complaints. *See id.*

A panel majority in *Bowden* held that a trial court's assessment of court costs does not effect a taking within the meaning of the United States or Texas Constitutions. *See id.* Thus, under *Bowden,* appellant's argument lacks merit. Because the assessment of court costs against appellant is not a taking within the meaning of the United States and Texas Constitutions, we overrule appellant's second issue. *See id.*

## CONCLUSION

Contrary to appellant's assertion in his first issue, appellant has been provided a bill of costs as required by Texas Code of Criminal Procedure article 103.001. The constitutional challenges appellant asserts in his second issue fail because the assessment of court costs against him did not effect a taking under the United States and Texas Constitutions. Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
        Chief Justice



Panel consists of Chief Justice Frost and Justices Boyce and Wise.
Publish — TEX. R. APP. P. 47.2(b).

---

2016 WL 6107625, at *— (Houston [14th Dist.] Oct. 18, 2016, no pet. h.) (Frost, C.J., dissenting).

5