

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-16-00157-CR

ARMIN GLENN INGRAM                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1437346R

----------

## OPINION

----------

Appellant Armin Glenn Ingram appeals from his conviction for continuous sexual abuse of a young child (CSA) and from his conviction for indecency with a child by contact. Appellant also attacks a cost designated for child-abuse prevention and a consolidated court cost that were imposed in the judgment regarding his conviction for CSA. We affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

## I. BACKGROUND

Appellant was charged in a seven-count indictment with CSA and with indecency with a child by contact. A jury found him guilty of these two offenses and assessed his punishment at life confinement for CSA and at twenty years' confinement with a $10,000 fine for indecency with a child by contact.[1] In the judgment regarding his CSA conviction, the trial court assessed $669 in court costs, which the bill of costs showed included a consolidated court cost of $133 and $100 for "Child Abuse Prv."[2] No court costs were imposed in the judgment for Appellant's conviction for indecency. Appellant appealed both convictions and argues (1) that the trial court erred by denying his requested jury charge on unanimity in the CSA charge and (2) that the statutes authorizing the consolidated court cost and the child-abuse-prevention cost in the imposed court costs in the CSA judgment are facially unconstitutional as violative of the separation-of-powers doctrine.

---

[1]The remaining five counts were lesser-included offenses of the CSA count, were charged to the jury as such, and, thus, were not decided by the jury once it found Appellant guilty of CSA.

[2]The bill of costs was not expressly incorporated into the judgment and was separately filed by the district clerk. *Cf.* Tex. Code Crim. Proc. Ann. art. 42.01, § 1 (West Supp. 2016) (setting forth required information to be included in judgment, which does not include bill of costs); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (holding bill of costs is effective even if not expressly incorporated into the judgment).

## II. INDECENCY CONVICTION

We begin by recognizing that although Appellant's notice of appeal clearly attacked both the CSA judgment and the indecency judgment, none of his points on appeal raise any argument directed to his conviction for indecency with a child. Accordingly, we affirm the trial court's judgment regarding Appellant's conviction for indecency with a child by contact. *See, e.g., In re R.J.*, No. 03-14-00389-CV, 2015 WL 6830674, at *2 (Tex. App.—Austin Nov. 6, 2015, no pet.) (mem. op.).

## III. CSA CONVICTION

### A. JURY CHARGE

Appellant argues in his first point that the trial court erred by overruling his objection to the jury charge regarding CSA. During the charge conference, Appellant objected to the CSA charge "on constitutional [due process] grounds," arguing that the charge "allow[ed] the jury to find a person guilty on the basis of a nonunanimous verdict." The trial court overruled this objection. The trial court then instructed the jury that it need not unanimously agree "on which specific acts of sexual abuse were committed by [Appellant] or the exact date when those acts were committed," but that it did need to unanimously find that "the [Appellant], beyond a reasonable doubt, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." Appellant, as he asserted in the trial court, now argues that the alleged specific acts of sexual abuse alleged in the indictment and charged to the jury were not the mere

3

manner and means of committing CSA as provided by statute but were separate elements of the offense that were constitutionally and statutorily required to be found unanimously by the jury. *See* Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2016); Tex. Penal Code Ann. § 21.02(d) (West Supp. 2016).

Appellant laudably recognizes that his argument has been rejected by this court. Indeed, we and other courts of appeals have held that the specific acts of sexual abuse alleged to have constituted CSA are not separate elements of the offense subject to the unanimity requirement. *See Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App.—Fort Worth 2013, no pet.); *see also Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *3–4 (Tex. App.—Fort Worth July 21, 2016, pet. ref'd) (mem. op., not designated for publication); *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469, at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication); *accord, e.g.*, *Martin v. State*, 335 S.W.3d 867, 871–73 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 133 S. Ct. 645 (2012); *Render v. State*, 316 S.W.3d 846, 856–58 (Tex. App.—Dallas 2010, pet. ref'd), *cert. denied*, 562 U.S. 1243 (2011). For the reasons stated in these cases, we conclude that the constitutional and statutory requirements of jury unanimity are not violated by section 21.02(d) of the penal code. Accordingly, the trial court did not err by instructing the jury in accordance with section 21.02(d) regarding the specific acts of sexual abuse alleged in the indictment. *See Pollock*, 405 S.W.3d at 405. We overrule point one.

## B. IMPOSED COSTS AND FEES

In his second and third points, Appellant argues that the statutes authorizing two of the specified items in the bill of costs regarding the total costs imposed in the CSA judgment are facially unconstitutional because they effectively turn the judicial branch into a tax collector, violating the separation of powers. *See* Tex. Const. art. II, § 1.

The State argues that Appellant waived his right to challenge the imposed court costs—a nonsystemic, nonpenal challenge—because he raises it for the first time on appeal. We conclude that Appellant may raise these complaints on appeal, even though he did not raise them to the trial court, because the costs were not imposed in open court or itemized in the judgment. *See London v. State*, 490 S.W.3d 503, 506–07 (Tex. Crim. App. 2016); *see, e.g.*, *Bowden v. State*, No. 14-14-00955-CR, 2016 WL 6123363, at *1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2016, pet. filed) (holding, under *London*, constitutional challenge to cost under the local government code may be raised for the first time on appeal); *Rogers v. State*, No. 02-16-00047-CR, 2016 WL 4491228, at *1 (Tex. App.—Fort Worth Aug. 26, 2016, pet. filed) (mem. op., not designated for publication) (holding same regarding cost under code of criminal procedure). But even though Appellant did not waive his arguments, they are unavailing.

The court costs at issue—the child-abuse-prevention cost and the consolidated court cost—were authorized, respectively, by the code of criminal procedure and the local government code. Tex. Code Crim. Proc. Ann.

art. 102.0186(c) (West Supp. 2016); Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (West Supp. 2016). With his facial challenge, Appellant has the burden to establish these statutes' unconstitutionality. *See Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016). To successfully do so, Appellant must establish that no set of circumstances exists under which these statutes would be valid. *See id.* We look for an interpretation that supports and upholds a statute's constitutionality unless the contrary interpretation is clearly shown. *See id.* Regarding statutes authorizing the imposition of court costs against criminal defendants, the court of criminal appeals has specified that for such statutes to pass constitutional muster, they must "provide[] for an allocation of . . . court costs to be expended for legitimate criminal justice purposes," which are ones that "relate[] to the administration of our criminal justice system." *Id.* at 517–18.

Regarding section 133.102(a)(1)'s consolidated court cost, Appellant asserts that three of the fourteen prescribed percentage allocations for the $133 do not relate to the criminal-justice system. Specifically, he points to (1) the allocation of 5.0034% to "law enforcement officers standards and education," which is now collected into an account in the general revenue fund; (2) the allocation of 9.8218% to "comprehensive rehabilitation," which is spent at the direction of an agency in the executive branch; and (3) the allocation of 0.0088% to a fund for "abused children's counseling" with no statutory direction to which State account the percentage should be directed. *See* Tex. Loc. Gov't Code

6

Ann. § 133.102(e)(1), (5), (6). These three allocations combined, therefore, account for 14.834%—or approximately $19.73—of the $133 imposed. We conclude, as have other courts of appeals, that these three designated uses as written are related to the administration of the criminal-justice system and that the legislature's directive to the comptroller to disburse those monies for those uses passes constitutional muster. *See Salinas v. State*, 485 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2016, pet. granted) (op. on remand); *Penright v. State*, 477 S.W.3d 494, 497–500 (Tex. App.—Houston [1st Dist.] 2015, pet. granted); *cf. Denton v. State*, 478 S.W.3d 848, 851–52 (Tex. App.—Amarillo 2015, pet. ref'd) (concluding section 133.102 does not violate Takings Clause of Texas Constitution). This is true notwithstanding where the funds actually are deposited or disbursed. *See Salinas v. State*, 464 S.W.3d 363, 368 (Tex. Crim. App. 2015) (holding consideration in facial-constitutional challenge is "how the statute is written, not how it operates in practice," and is "without regard to severability principles or to evidence of what the funds designated in the statute actually do"). Accordingly, Appellant has failed to carry his burden to establish that section 133.102 cannot operate constitutionally under any circumstance, i.e., that the statute is invalid in all possible applications. *See McAfee v. State*, 467 S.W.3d 622, 645–47 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *O'Bannon v. State*, 435 S.W.3d 378, 381–82 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (op. on remand). We overrule point three.

Appellant also contends that article 102.0186 of the code of criminal procedure is facially unconstitutional because child-abuse-prevention programs are "too remote" from the administration of the criminal justice system. We disagree. Article 102.0186 applies to criminal defendants convicted of five specified sexual offenses committed against children (including CSA), of employment harmful to children, and of possession or promotion of child pornography. Tex. Code Crim. Proc. Ann. art. 102.0186(a). Because the imposition of this cost is limited to those defendants found guilty of crimes against children, the $100 imposed to be deposited in "the county child abuse prevention fund" is related to the administration of the criminal justice system such that this cost is not facially unconstitutional. *Id.* art. 102.0186(c); *cf. Garcia v. State*, No. 02-15-00315-CR, 2016 WL 4474346, at *3 (Tex. App.—Fort Worth Aug. 25, 2016, pet. ref'd) (mem. op., not designated for publication) (concluding appellant failed to show article 102.0186 was facially unconstitutional based on his argument, since rejected by the court of criminal appeals, that the cost was unnecessary or not incidental to criminal justice); *Machado*, 2016 WL 3962731, at *4 (same). Appellant has not carried his burden to show unconstitutionality, and we overrule point two.

## IV. CONCLUSION

Because Appellant has not challenged his indecency conviction, has failed to show that the trial court erred by overruling his constitutional objection to the jury charge regarding CSA, and has failed to establish that the statutes

8

authorizing the imposition of specified court costs are facially unconstitutional, we overrule Appellant's points and affirm the trial court's judgments.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

PUBLISH

DELIVERED:  November 23, 2016