MARK T. PITTMAN JUSTICE
Appellant Billy Hawkins pled guilty to the offense of possession of less than a gram of a controlled substance-methamphetamine, and the trial court convicted him and sentenced him to six months' confinement in state jail. See Tex. Health & Safety Code Ann. §§ 481.102(6) (providing that methamphetamine is in Penalty Group 1), .115(a)-(b) (providing that possessing less than a gram of a Penalty Group 1 substance without authorization is a state jail felony) (West 2010). The trial court also assessed $349 in court costs, including a consolidated fee of $133. See Tex. Loc. Gov't Code Ann. § 133.102 (West Supp. 2016).
In his sole point, Appellant contends that section 133.102 of the local government code is facially unconstitutional because it violates the Separation of Powers Clause of the Texas Constitution. See Tex. Const. art. II, § 1 ; Tex. Loc. Gov't Code Ann. §§ 133.102(a)(1), (e). Bound by precedent of the Texas Court of Criminal Appeals, we agree in part but can award Appellant no relief. We therefore affirm the trial court's judgment.
I. Appellant's Complaint About Consolidated Fees Assessed After Sentencing May Be Raised First on Appeal.
While maintaining that Appellant should have preserved his complaint, the State recognizes that we have held that it may be raised for the first time on appeal. See Ingram v. State , 503 S.W.3d 745, 748 (Tex. App.-Fort Worth 2016, pet. ref'd). Following our precedent, we shall address Appellant's point.
II. Appellant Contends That Section 133.102(a)(1) Is Facially Unconstitutional Because It Violates the Separation of Powers Clause.
Specifically, Appellant argues that the statute's allocation of various minimum percentages of the $133 consolidated fee to "accounts and funds" for "abused children's counseling," "law enforcement officers standards and education," and "comprehensive rehabilitation" is unlawful taxation because those funds allow spending for purposes other than "legitimate criminal justice purposes." Tex. Loc. Gov't Code Ann. §§ 133.102(a)(1), (e)(1), (5), (6) ; see Peraza v. State , 467 S.W.3d 508, 518 (Tex. Crim. App. 2015), cert. denied , --- U.S. ----, 136 S.Ct. 1188, 194 L.Ed.2d 202 (2016). He therefore argues that section 133.102 violates the Separation of Powers Clause of the Texas Constitution because it transforms the courts into tax collectors, foisting a function of the executive branch onto the judicial branch.
*766 III. The Texas Court of Criminal Appeals Recently Held Portions of Section 133.102 Facially Unconstitutional Because They Violate the Separation of Powers Clause.
Recently in Salinas v. State , the Texas Court of Criminal Appeals partially upheld the same argument Appellant now advances. No. PD-0170-16, 2017 WL 915525, 523 S.W.3d 103, 108-10, 110-11, *4, *5 (Tex. Crim. App. Mar. 8, 2017). The Salinas court declared section 133.102 facially unconstitutional in violation of the Texas Constitution's Separation of Powers Clause to the extent that the statute allocates funds collected by the trial courts to the "comprehensive rehabilitation" account and the "abused children's counseling" account, Tex. Loc. Gov't Code Ann. §§ 133.102(a)(1), (e)(1), (6), because those accounts do not serve a "legitimate criminal justice purpose." 523 S.W.3d at 108-10, 110-11, 2017 WL 915525, at *4, *5. We therefore sustain Appellant's point to the extent that it complains of the allocation of funds under those two subsections.
IV. The Texas Court of Criminal Appeals Narrowly Limited the Retroactivity of Its Holding.
The Texas Court of Criminal Appeals determined in Salinas , however, that its holding has limited retroactive effect. Id. at 111-13, 2017 WL 915525, at *6. The court applied the Stovall test in deciding the retroactivity of its holding because the offending subsections of the statute violated the powers of the judicial branch, not a personal right of the defendant. Id. ; see Stovall v. Denno , 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 1967 (noting in federal habeas case that the retroactivity of a new constitutional rule of criminal procedure depends on (1) the new rule's purpose, (2) how much law enforcement relied on the old rule, and (3) the effect retroactivity would have on the administration of justice), overruled by Griffith v. Kentucky , 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ; Taylor v. State , 10 S.W.3d 673, 679 (Tex. Crim. App. 2000) (recognizing that Griffith does not bind the states as to the retroactivity of new rules under state law and applying Stovall ). The Salinas court then determined that the three Stovall factors all weighed against applying its holding retroactively, reasoning:
• the court costs a defendant pays have nothing to do with the truth-seeking purpose of a criminal trial, and there is nothing intrinsically wrong with mandating that a defendant who suffers negative consequences in a criminal case pay a fee;
• the State's reliance interests on the two subsections declared unconstitutional are heavy because it depends on all the funds the fee generates; and
• imposing the holding retroactively could overwhelm court clerks throughout the State.
Salinas , 523 S.W.3d at 111-13, 2017 WL 915525, at *6 ; see Stovall , 388 U.S. at 297, 87 S.Ct. at 1970. The Salinas court concluded that its holding applies (1) retroactively only to the parties before it in that case and to other defendants whose petitions for discretionary review properly raising the same claim were filed before the Salinas opinion was issued on March 8, 2017, and remained pending on that date; and (2) prospectively to trials ending after the mandate in Salinas issues. Salinas , 523 S.W.3d at 111-13, 2017 WL 915525, at *6. In a footnote, the Texas Court of Criminal Appeals emphasized that the only pending cases affected by its opinion are those that were already pending in the Texas Court of Criminal Appeals and appropriate for relief as of March 8, *767 2017. Id. at 113 n.54, 2017 WL 915525 at *6, n.54.
Accordingly, the Texas Court of Criminal Appeals has directed this court not to modify the trial court's judgment here to reduce the consolidated fee assessed against Appellant. See ion index="30" url="https://cite.case.law/citations/?q=2017%20WL%20915525">id. at 113 & n. 54, 2017 WL 915525 at *6 & n.54.
V. Section 133.102(e)(5) Does Not Violate the Separation of Powers Clause Because Apportioning Part of the Consolidated Fee to the "Law Enforcement Officers Standards and Education" Account Relates to the Operation of the Texas Criminal Justice System.
A. The Salinas Court Did Not Change the Test.
The Salinas court did not change the test we use to determine whether a statute requiring the collection of fees in a criminal case violates the Separation of Powers Clause. See 523 S.W.3d at 106-07, 2017 WL 915525, at *2. Statutes providing for the collection of fees in a criminal case do not violate the Separation of Powers Clause if they provide for fees to be apportioned and spent for "legitimate criminal justice purposes." Id. ; Peraza , 467 S.W.3d at 518 ; Ingram , 503 S.W.3d at 749. A criminal justice purpose concerns "the administration of our criminal justice system." Peraza , 467 S.W.3d at 518 ; Ingram , 503 S.W.3d at 749.
B. This Court Has Already Upheld This Subsection.
This court has already rejected the complaint Appellant brings about the allocation of a portion of the consolidated fee to the "law enforcement officers standards and education" account. Tex. Loc. Gov't Code Ann. 133.102(e)(5) ; see Ingram , 503 S.W.3d at 749. The Salinas court does not address this subsection, and Appellant does not persuade us to revisit this issue. Accordingly, we again hold that the statutory allocation of 5.0034% of the consolidated fee to the "law enforcement officers standards and education" account provides money to be spent for a "legitimate criminal justice purpose" pertaining to the administration of the criminal justice system in Texas. See Ingram , 503 S.W.3d at 749. Thus, subsection 133.102(e)(5) does not violate the Separation of Powers Clause in the Texas Constitution. Id. We overrule the remainder of Appellant's point.
VI. Conclusion
We follow the Texas Court of Criminal Appeals in holding unconstitutional the provisions of local government code section 133.102 requiring the allocation of funds from the consolidated fee to the "comprehensive rehabilitation account" and the "abused children's counseling account." Tex. Loc. Gov't Code Ann. § 133.102(e)(1), (6) ; Salinas , 523 S.W.3d at 108-10, 110-11, 2017 WL 915525, at *4, *5. However, we again uphold the provision apportioning a percentage of the consolidated fee to the "law enforcement officers standards and education" account. Tex. Loc. Gov't Code Ann. § 133.102(e)(5) ; Ingram , 503 S.W.3d at 749. Finally, we heed the directive of the Texas Court of Criminal Appeals precluding us from applying its Salinas holding retroactively to modify Appellant's consolidated fee. 523 S.W.3d at 113 & n. 54, 2017 WL 915525, at *6 & n.54.
Accordingly, we affirm the trial court's judgment.