

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00372-CR

JUSTIN DAVID WADDELL                                    APPELLANT

V.

THE STATE OF TEXAS                                        APPELLEE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1332458D

----------

## MEMORANDUM OPINION ON REMAND[1]

----------

This case comes to this court on remand from the Texas Court of Criminal Appeals. *See Waddell v. State*, No. PD-0014-16, 2016 WL 3625514 (Tex. Crim. App. June 29, 2016) (not designated for publication). On its original trek through this court, we held that Waddell had failed to preserve the argument that he again brings on remand—that the imposition of a $100 emergency-services cost

---

[1]*See* Tex. R. App. P. 47.4.

contained within the trial court's assessed court costs related to his driving-while-intoxicated conviction is unconstitutional.[2] *Waddell v. State*, No. 02-14-00372-CR, 2015 WL 7820272, at *1–2 (Tex. App.—Fort Worth Dec. 3, 2015) (mem. op., not designated for publication).  After we issued our opinion holding that Waddell had failed to preserve this complaint for our review, the Texas Court of Criminal Appeals issued *London v. State* in which it held that an appellant may generally challenge the imposition of mandatory court costs for the first time on direct appeal when those costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs.  490 S.W.3d 503, 506–07 (Tex. Crim. App. 2016).  Because we did not have the benefit of the *London* decision, the court of criminal appeals remanded the case for this court to consider whether Waddell had preserved this issue for our review and, if so, to address the issue.

We have reviewed the record, and because the record before this court does not show that the challenged court cost was imposed in open court or that it was itemized in the conditions-of-community-supervision order, Waddell may raise his complaint for the first time on appeal.  *See Ingram v. State*, 503 S.W.3d 745, 748 (Tex. App.—Fort Worth 2016, pet. ref'd).

---

[2]On original submission, Waddell also challenged the imposition of a $34 "DNA Testing-Pro" cost that was assessed as a court cost, but he does challenge that cost now on remand; thus, we do not address it.

Moreover, this court has recently held that the emergency-services cost that Waddell complains of suffers the same infirmity that the court of criminal appeals has found applicable to portions of a consolidated fee imposed as a court cost upon a criminal conviction under the local government code. *Casas v. State*, 524 S.W.3d 921, 925–27 (Tex. App.—Fort Worth, no pet.); *see Salinas v. State*, 523 S.W.3d 103, 109 & n.26 (Tex. Crim. App. 2017) (analyzing portions of consolidated fees on conviction imposed under local government code section 133.102(e)(1), (6)). That is because, as this court has previously concluded, "[n]either the statute authorizing the collection of the emergency-services cost nor its attendant statutes direct the funds to be used for a legitimate, criminal-justice purpose; therefore, it is a tax that is facially unconstitutional." *Casas*, 524 S.W.3d at 927.

We sustain Waddell's sole point on remand. We therefore modify the trial court's judgment to deduct the $100 emergency-services cost from the $543 total costs assessed, thereby making the total costs $443, and leaving the fine at $1,000, requiring a total payment by Waddell of $1,443. We affirm the trial court's judgment as modified.

/s/ Bill Meier
BILL MEIER
JUSTICE

3

PANEL:  SUDDERTH, C.J.; MEIER and KERR, JJ.[3]

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017

---

[3]Justices Lee Ann Dauphinot and Anne Gardner were members of the original panel but have retired in the interim.