

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00157-CR
### NO. 02-18-00158-CR

JORGE LUIS GUSMAN                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1420665D, 1420669D

----------

### MEMORANDUM OPINION[1]

----------

Appellant Jorge Luis Gusman appeals his convictions for continuous sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child. In three points, he argues that (1) penal code section 21.02 is facially unconstitutional, (2) the admission of his prior convictions under code of criminal procedure article 38.37 violated his right to a fair trial, and (3) the "child abuse

---

[1]See Tex. R. App. P. 47.4.

prevention fee" assessed under code of criminal procedure article 102.0186 is unconstitutional. We affirm.

## Background

Because Appellant does not challenge the sufficiency of the evidence to support his convictions, a brief recitation of the facts will suffice.

M.S. is the mother of Billy, Bobby, and Barbara.[2] M.S. met Appellant in 1996 and married him in 2000 or 2001. Billy testified that starting when he was three years old, Appellant touched Billy's private areas over and under his clothes, made Billy touch Appellant's penis, and anally and orally penetrated Billy with his penis. This abuse continued until Billy was seven years old.

Barbara testified that Appellant touched her vaginal area over and under her clothes two to four times per week for more than thirty days. Once, Appellant removed his and Barbara's pants so that he could touch her vaginal area with his penis.

Barbara and Bobby testified about playing the "lollipop" game in which Appellant would blindfold them and put something in their mouths while instructing them not to bite down. Bobby described the object as cylindrical and filling his entire mouth. Barbara stated that the object was Appellant's penis.

---

[2]To protect the anonymity of the victims, we use pseudonyms. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

The abuse stopped when Appellant moved away from the family in 2008. Appellant was in prison from 2010 to 2015. When he was released from prison, Appellant texted Barbara and asked her to meet him in his hotel room. Around the same time, all three children made outcry statements against Appellant.

Regarding Barbara, a grand jury indicted Appellant for continuous sexual abuse of a child, two counts of aggravated sexual assault of a child, and indecency with a child by contact. Regarding Billy, a grand jury indicted Appellant for two counts of aggravated sexual assault of a child and indecency with a child by contact. Appellant pleaded not guilty to all the charges.

At trial, the trial court admitted over Appellant's objections evidence that Appellant had previously been convicted of and imprisoned for sexually assaulting the complainants' cousins.

A jury found Appellant guilty on all counts. The trial court assessed punishment of fifty years' confinement for the continuous-sexual-abuse count, forty years' confinement for each count of aggravated sexual abuse of a child, and twenty years' confinement for each count of indecency with a child, with all sentences to run concurrently. This appeal followed.

## Standard of Review

All of Appellant's points raise constitutional challenges to provisions of the Texas Penal Code and the Texas Code of Criminal Procedure. We must review the constitutionality of a statute in light of the presumption of the statute's validity and presume that the legislature did not act unreasonably or arbitrarily in

3

enacting the statute. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). It is Appellant's burden to show that the statute is unconstitutional. *Id.*

**Discussion**

**1. Penal code section 21.02(d) and jury unanimity**

In his first point, Appellant argues that penal code section 21.02(d) violates his constitutional right to jury unanimity. *See* Tex. Penal Code Ann. § 21.02(d) (West Supp. 2017) (providing that jury in continuous-sexual-abuse case is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed"). As Appellant acknowledges, this court rejected the identical argument in *Pollock v. State*, 405 S.W.3d 396, 404–05 (Tex. App.—Fort Worth 2013, no pet.). For the reasons stated in *Pollock*, we overrule Appellant's first point.

**2. Constitutionality of article 38.37**

In his second point, Appellant argues that the trial court's admission of his prior convictions under article 38.37 violated his due-process and presumption-of-innocence rights.

Generally, an accused must be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see also* Tex. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). But article 38.37,

section 1 permits—in a prosecution for certain enumerated crimes, including sexual offenses and assaultive offenses against a child under the age of seventeen—the admission of evidence concerning extraneous offenses committed by the defendant against the complainant:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

Tex. Code Crim. Proc. Ann. art. 38.37, § 1 (West 2018). Section 2 permits—in the prosecution of certain enumerated offenses, including continuous sexual abuse of a child, indecency with a child, and sexual assault of a child—the admission of evidence of other sexual offenses, including those committed against someone other than the complainant in the instant prosecution:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

*Id.* art. 38.37, § 2(b).

Appellant concedes that this court has previously held that article 38.37, section 1 is constitutional. *See Martin v. State*, 176 S.W.3d 887, 902 (Tex. App.—Fort Worth, 2005, no pet.); *see also Gregg v. State*, No. 02-16-00117-CR,

5

2016 WL 7010931, at \*4–5 (Tex. App.—Fort Worth Mar. 29, 2016, pet. ref'd) (mem. op., not designated for publication). But he observes that our opinion in *Martin* did not address article 38.37, section 2, which the legislature added to the statute in 2013. *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 387, §§ 2–3, 2013 Tex. Gen. Laws 1167, 1168.

Although this court has not previously considered whether section 2(b) violates due process guarantees, several of our sister courts have, and all of them have held that section 2(b) is constitutional. *See Buxton v. State*, 526 S.W.3d 666, 688–89 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Bezerra v. State*, 485 S.W.3d 133, 139 (Tex. App.—Amarillo 2016, pet. ref'd), *cert. denied*, 137 S. Ct. 495 (2016); *Harris v. State*, 475 S.W.3d 395, 399–403 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *see also Holcomb v. State*, No. 09-16-00198-CR, 2018 WL 651228, at \*1 (Tex. App.—Beaumont Jan. 31, 2018, pet. ref'd) (mem. op., not designated for publication).

In *Harris*, the Fourteenth Court of Appeals conducted a thorough analysis of article 37.38, section 2. 475 S.W.3d at 401. The court noted that in enacting section 2(b), the legislature "recognized that the rule would 'bring the Texas Rules of Evidence closer to the Federal Rules of Evidence, specifically [f]ederal Rule 413(a), which allows evidence of previous sexual assault cases to be admitted at trial.'" *Id.* (quoting Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013)). Federal courts have determined that

6

federal rule 413 does not violate the Due Process Clause because it does not implicate a fundamental right. *Id.* (citing *United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999); *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir.), *cert. denied*, 525 U.S. 887 (1998)).

The *Harris* court reasoned that the legislature has carved out specific and limited exceptions to the prohibition against using extraneous offenses in a criminal trial. *Id.* Article 38.37, section 1 is one such exception; article 38.37, section 2 is another. *Id.* at 401–02. "'The special circumstances surrounding the sexual assault of a child victim outweigh normal concerns associated with evidence of extraneous acts.'" *Id.* at 402 (quoting *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd)).

Article 38.37 contains several procedural safeguards to protect a defendant's right to a fair trial. *Id.* Before admitting extraneous-offense evidence, the trial court must determine that the evidence is likely to support a finding beyond a reasonable doubt that the defendant committed the extraneous offense. Tex. Code Crim. Proc. Ann. art. 38.37, § 2–a(1), (2). And the State must give the defendant notice of its intent to introduce this evidence in its case-in-chief not later than the thirtieth day before the date of the defendant's trial. *Id.* art. 38.37, § 3. As the *Harris* court noted, "The statute does not lessen appellant's presumption of innocence. The statute does not alter the State's burden of proof because the State is still required to prove every element of the charged offense beyond a reasonable doubt." 475 S.W.3d at 402.

7

For these reasons, we join our sister courts in holding that article 38.37, section 2 does not violate Appellant's right to due process or to an impartial jury. We overrule Appellant's second point.

## 3. Constitutionality of article 102.0186

In his third point, Appellant argues that the $100 "child abuse prevention fee" assessed under code of criminal procedure article 102.0186 is unconstitutional because it violates the Texas constitution's separation of powers clause. *See* Tex. Code Crim. Proc. Ann. art. 102.0186(a) (West 2018) (mandating assessment of $100 fee upon conviction of certain offenses against a child, including sexual assault and indecency). As Appellant concedes, we previously rejected the same argument in *Ingram v. State*, 503 S.W.3d 745, 748–49 (Tex. App.—Fort Worth 2016, pet. ref'd). For the reasons stated in *Ingram*, we overrule Appellant's third point. *See id.*

## Conclusion

Having overruled all of Appellant's points, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, GABRIEL, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 21, 2018

8