

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00406-CR
### NO. 02-17-00407-CR

JACOB NATHANIEL LONG                                      APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NOS. 1472619D, 1491944R

----------

## MEMORANDUM OPINION[1]

----------

In cause number 1472619D, the trial court convicted Appellant Jacob Nathaniel Long of two counts of sexual assault of a child under age seventeen and sentenced him to fifteen years' confinement for each offense. *See* Tex. Penal Code Ann. § 22.011(a)(2) (West Supp. 2017). In cause number 1491944R, the trial court convicted Long of continuous sexual abuse of a child

---

[1]*See* Tex. R. App. P. 47.4.

under age fourteen and indecency with a child by contact and sentenced him to twenty-five years' confinement for the continuous offense and ten years' confinement for the indecency offense. *See id.* §§ 21.02, 21.11 (West Supp. 2017). In his first three points, Long asserts state or federal constitutional challenges to penal code section 21.02, to government code section 508.145, and to code of criminal procedure article 102.0186. *See id.* § 21.02(h); Tex. Gov't Code Ann. § 508.145(a) (West Supp. 2017); Tex. Code Crim. Proc. Ann. art. 102.0186 (West 2018). In his fourth point, Long argues that the trial court unlawfully assessed duplicate court costs against him. We will affirm as modified in part and affirm in part.

## BACKGROUND

Siblings R.T. and M.T. lived with their family in a house in Hurst. Long was friends with their brother and occasionally hung around, but he later began a dating relationship with K.T., R.T. and M.T.'s older sister, and moved into the house. At the time, Long was around twenty years old, R.T. was fourteen or fifteen years old, and M.T. was eleven years old.

Long acted like a big brother to M.T.—they often played video games and watched movies together—but he soon began to have physical contact with her. Long first cuddled with M.T. and caressed her inner thighs one night when they were watching a movie. He then progressed to touching her vaginal area. Later, when M.T. was twelve, she succumbed to Long's persistent requests and performed oral sex on him, and she did so on multiple other occasions. Long

2

also performed oral sex on M.T., digitally penetrated her vagina, had anal sex with her, and had vaginal intercourse with her on four occasions after she turned thirteen.

At some point, Long also began to have physical contact with R.T. He groped her chest, digitally penetrated her vagina, and had vaginal intercourse with her several times after she turned sixteen.

In the summer of 2015, M.T. insisted that Long move out of the house after she learned that he had engaged in similar sexual conduct with R.T. The next summer, both R.T. and M.T. told their mother about the sexual contact that they had had with Long. Long was eventually arrested and convicted of the underlying offenses.[2]

## CRUEL AND UNUSUAL PUNISHMENT

Continuous sexual abuse of a child carries a punishment range of twenty-five to ninety-nine years' confinement or life imprisonment, Tex. Penal Code Ann. § 21.02(h), and a person convicted of the offense is ineligible for parole, Tex. Gov't Code Ann. § 508.145(a). In his first and second points, Long argues that as applied, penal code section 21.02(h)'s minimum twenty-five-year sentence and government code section 508.145(a)'s parole-ineligibility provision violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See* U.S. Const. amend. VIII.

---

[2]M.T. was the complainant in the continuous and indecency offenses. R.T. was the complainant in the sexual assault offenses.

3

We recently addressed these same issues in *McCain v. State*, No. 02-16-00411-CR, 2018 WL 1324485, at *2–6 (Tex. App.—Fort Worth Mar. 15, 2018, no pet.). There, we observed that "a narrow proportionality principle applicable to non-capital cases has evolved concerning a punishment scheme's 'categorical' application to 'an entire class of offenders.'" *Id.* at *3 (quoting *Graham v. Florida*, 560 U.S. 48, 61, 67, 130 S. Ct. 2011, 2022–23, 2026 (2010)). And we explained that when analyzing a categorical challenge to a statutory punishment scheme, the court of criminal appeals utilizes the following four factors: (1) whether there is a national consensus against imposing the particular punishment at issue, (2) the offender's moral culpability in light of his crimes and characteristics, (3) the severity of the punishment, and (4) whether the punishment serves legitimate penological goals. *Id.* (citing *Meadoux v. State*, 325 S.W.3d 189, 194 (Tex. Crim. App. 2010), *cert. denied*, 563 U.S. 924 (2011)).

Addressing the first factor, we considered similar statutes from the same states that Long directs us to in this appeal and were unable to "glean from those various statutes any national consensus against long sentences, long minimum sentences, or the absence of the possibility of parole." *Id.* at *5. Our thorough analysis is equally applicable here.

Considering the second factor, we concluded that McCain was precisely the type of perpetrator and had committed precisely the type of offense that Judge Cochran had described when she called on the legislature to enact what is now our continuous-sexual-abuse-of-a-child statute. *Id.*; *see Dixon v. State*, 201

4

S.W.3d 731, 736 (Tex. Crim. App. 2006) (Cochran, J., concurring). Likewise, here, Long played the role of "big brother" to M.T. after one of her close friends died, and his interactions with her over time graduated from innocent touches to intense sexual intercourse.

As for the severity-of-the-punishment factor, we considered McCain's thirty-year sentence in light of the number of instances of sexual abuse and concluded that the factor did not weigh in his favor. *McCain*, 2018 WL 1324485, at *5–6. Similarly here, Long's continuous sexual abuse of M.T. occurred over a lengthy period of time and involved many instances of sexual conduct, diminishing the severity of the punishment. Nevertheless, insofar as a twenty-five year sentence without the possibility of parole is a severe punishment for a non-homicide case, as the Amarillo Court of Appeals concluded in *Glover v. State*, 406 S.W.3d 343, 349 (Tex. App.—Amarillo 2013, pet. ref'd), *cert. denied*, 134 S. Ct. 1882 (2014), we agree with the State that severity alone does not necessarily translate to cruel and unusual punishment.

Regarding the final factor, we concluded in *McCain* that a lengthy sentence without the possibility of parole serves the penological interests of both deterrence and incapacitation. 2018 WL 1324485, at *6. As with the first factor, the same holds true here.

Having re-examined the *Meadoux* factors in light of the specific facts of this case, we again conclude that the sentencing scheme devised by penal code section 21.02(h) and government code section 508.145(a) does not violate the

Eighth Amendment's prohibition against cruel and unusual punishment. We overrule Long's first and second points.

## CHILD-ABUSE-PREVENTION FEE

In his third point, Long argues that the assessment of a $100 child-abuse-prevention fee in two of the underlying judgments of conviction violates the Texas constitution's separation-of-powers provision. *See* Tex. Code Crim. Proc. Ann. art. 102.0186. We have previously held that article 102.0186 is not facially unconstitutional because the fee relates to the administration of the criminal justice system. *See Ingram v. State*, 503 S.W.3d 745, 749 (Tex. App.—Fort Worth 2016, pet. ref'd); *see also Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015), *cert. denied*, 136 S. Ct. 1188 (2016). We see no reason to disturb this holding. We overrule Long's third point.

## DUPLICATE COURT COSTS

The trial court assessed court costs against Long in the amount of $629 both in the judgment of conviction on count one in cause number 1491944R (continuous sexual abuse of a child under age fourteen) and in the judgment of conviction on count one in cause number 1472619D (sexual assault of a child under age seventeen). In his fourth and final point, Long argues that we should modify the judgment of conviction on count one in cause number 1472619D to delete the court costs in their entirety because, having been convicted of two or more offenses in a single criminal action, the trial court could have assessed court costs only once and in connection with the highest category of offense for

which Long was convicted—continuous sexual abuse of a child. The State agrees and concedes error.

Article 102.073 provides in relevant part,

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

Tex. Code Crim. Proc. Ann. art. 102.073(a), (b) (West 2018). The phrase "[i]n a single criminal action" is not defined, but drawing on the court of criminal appeals' interpretation of the same language used in a different statute, the Waco Court of Appeals construed it to mean allegations and evidence of more than one offense that are presented in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.). This court (and others) have since adopted the same construction. *See Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1–2 (Tex. App.—Fort Worth June 28, 2018, no pet. h.) (mem. op., not designated for publication); *see also Derese v. State*, Nos. 09-17-00100-CR, 09-17-00101-CR, 2017 WL 5180064, at *2 (Tex. App.—Beaumont Nov. 8, 2017, pet. ref'd) (mem. op., not designated for publication); *Valdez v. State*, Nos. 03-16-00811-CR, 03-16-00812-CR, 2017 WL 4478233, at *4 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication).

Therefore, because Long was convicted of two or more offenses in the same criminal action, and because continuous sexual abuse of a child is a first-degree felony, unlike sexual assault of a child, a second-degree felony, the trial court erred by assessing court costs in the judgment of conviction on count one in cause number 1472619D. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a), (b). We sustain Long's fourth point.

## CONCLUSION

Having sustained Long's fourth point, we modify the judgment of conviction on count one in cause number 1472619D by deleting the $629 in court costs, and we affirm that judgment as modified. Having overruled Long's other three points, we affirm the trial court's judgment on count two in cause number 1472619D and both of the trial court's judgments in cause number 1491944R.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018

8