Opinion issued May 9, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00282-CR

_____

## GEORGE LEE MARTINEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 2
Tarrant County, Texas\***
**Trial Court Case No. 1530526R**

---

## MEMORANDUM OPINION

A seven-count indictment charged appellant George Martinez with

continuous sexual abuse of a child (Count One), aggravated sexual assault (Counts

---

\* The Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District to this court. We are unaware of any conflict between precedent of that court and this court on any relevant issue.

Two, Three, and Four), and indecency with a child (Counts Four, Five, Six, and Seven). The jury found Martinez guilty on Counts One and Six, and, in accordance with the charge's instructions, did not answer the other counts. After a punishment hearing before the trial court, punishment was assessed at 50 years' imprisonment on Count One and at 20 years' imprisonment on Count Six, to run concurrently.

On appeal, Martinez asserts in three issues that (1) the evidence is insufficient to support the continuous sexual abuse conviction, (2) some of the court costs assessed in this case should be deleted, and (3) that the judgment incorrectly reflects the offense of conviction for Count Six. We affirm the trial court's judgment on Count One and affirm the trial court's judgment on Count Six as modified.

**Sufficiency of the Evidence**

In his first issue, Martinez contends that the evidence is legally insufficient to prove that he committed two acts of sexual abuse over a period of thirty or more days.

A challenge to the sufficiency of the evidence requires that we identify the essential elements of the charged offense and ask whether the evidence and reasonable inferences therefrom, viewed in the light most favorable to the conviction, would permit a rational juror to find each element of the charged offense beyond a reasonable doubt. *Braughton v. State*, __ S.W.3d __, __, 2018

WL 6626621, at *11 (Tex. Crim. App. Dec. 19, 2018). A reviewing court considers all of the evidence adduced at trial, whether it was admissible or inadmissible. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Whether a conviction rests on direct or circumstantial evidence, the sufficiency standard remains unchanged. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The analysis requires us to keep in mind that the jury is the sole judge of the evidence's weight and credibility. *Braughton*, __ S.W.3d at __, 2018 WL 6626621, at *11.

A jury may draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Hooper v. State*, 214 S.W.3d 15 (Tex. Crim. App. 2007). We presume that the jury resolved any conflicting inferences in favor of the verdict. *Braughton*, __ S.W.3d at __, 2018 WL 6626621, at *11. This standard mandates great deference to the jury, but we do not defer to a jury's conclusions that are based on "mere speculation or factually unsupported inferences or presumptions." *Id.* (quoting *Hooper*, 214 S.W.3d at 15–16).

A person commits continuous sexual abuse of a young child if, during a period that is 30 or more days in duration, he commits two or more acts of sexual abuse, regardless of whether they are committed against one or more victims, and at the time of the commission, the actor is 17 years of age or older and the victim is a child younger than 14 years of age. TEX. PENAL CODE § 21.02.

3

Count One of the indictment alleged:

THAT [Martinez] . . . IN THE COUNTY OF TARRANT, STATE OF TEXAS, ON OR ABOUT THE 21ST DAY OF MAY 2011, THROUGH THE 21ST DAY OF MAY 2013, DURING A PERIOD OF TIME THAT IS 30 DAYS OR MORE IN DURATION, DID COMMIT TWO OR MORE ACTS OF SEXUAL ABUSE, NAMELY: AGGRAVATED SEXUAL ASSAULT OF A CHILD UNDER 14 BY CAUSING THE SEXUAL ORGAN OF THE DEFENDANT TO CONTACT THE SEXUAL ORGAN OF A.D., AND/OR BY CAUSING THE FINGER OF THE DEFENDANT TO PENETRATE THE SEXUAL ORGAN OF [A.D.], AND/OR BY CAUSING THE MOUTH OF THE DEFENDANT TO CONTACT THE SEXUAL ORGAN OF [A.D.], AND/OR INDECENCY WITH A CHILD BY CAUSING THE HAND OF THE DEFENDANT TO CONTACT THE GENITALS OF [A.D.] AND/OR BY CAUSING [A.D] TO CONTACT THE SEXUAL ORGAN OF THE DEFENDANT, AND AT THE TIME OF THE COMMISSION OF EACH OF THESE ACTS OF SEXUAL ABUSE [Martinez] WAS 17 YEARS OF AGE OR OLDER AND [A.D.] WAS YOUNGER THAN 14 YEARS OF AGE[.]

Martinez's specific complaint is that the evidence is insufficient to establish beyond a reasonable doubt that a second act of sexual abuse occurred more than thirty days after the first act.

An appellate court measures the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was

tried." *Id.* The law as authorized by the indictment means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404–05 (Tex. Crim. App. 2000). A hypothetically correct jury charge, relevant to Martinez's first issue, required the State to prove that:

> (1) Martinez
> (2) committed two or more acts of aggravated sexual assault by:
>    a. causing his penis to contact A.D.'s vagina,
>    b. digitally penetrating's vagina,
>    c. causing A.D.'s mouth to contact his penis,
>    d. touching A.D.'s vagina, or
>    e. causing A.D. to touch his genitals with her hand
> (3) over a period of 30 or more days,
> (4) on or about May 21, 2011, through May 21, 2013.

*See id.*; TEX. PENAL CODE § 21.02.

A.D., the victim, provided the most detail about the sexual abuse but did not testify in detail regarding every individual act of sexual abuse. Her father, a SANE nurse (sexual assault nurse examiner), and a forensic interviewer also testified about the sexual abuse of A.D. based on her outcries, and A.D.'s mother, L.D., provided background and contextual testimony.

A.D. was born in May of 2000. L.D., who had divorced A.D.'s father in 2006, met Martinez in 2009. Their relationship developed quickly, and Martinez moved in with L.D. and her children. The relationship lasted a little over four years.

5

In 2011 A.D. was in the sixth grade. Because L.D. worked and Martinez did not work, he would be home when A.D. got home from school, and in the summers, the children were home with him while L.D. was at work. According to A.D., the first time that Martinez sexually abused her was when she was in the sixth grade. That first sexual assault occurred during the summer, but A.D. did not specify whether "summer" meant the summer before or the summer after her sixth-grade year. L.D. testified that A.D.'s sixth-grade year was 2011 to 2012 and that A.D. was eleven and twelve years old during sixth grade.

According to A.D., on the first occasion, Martinez called her into his and L.D.'s bedroom and he laid her down on the bed and began touching her. He touched her chest through her clothing and then inside her bra. Martinez next touched her vagina under her clothes and put his fingers into her vagina, and he then inserted his penis into her vagina. This happened more than once. Other times, Martinez put his tongue on A.D.'s chest and vagina, and he made her stroke his penis. A.D. told the SANE that Martinez put his penis in her vagina, put his finger in her vagina, and rubbed "the outside of her vagina [with his hand]." A.D. told the forensic interviewer that Martinez touched her vagina and inserted his fingers into her vagina.

A.D. testified that the sexual abuse occurred "at least like three times a week." Martinez did "these things" to her when she was in the seventh grade, and

6

the abuse "continue[d] in each grade [she] was in." A.D. said that the last time Martinez sexually abused her was at the end of her eighth-grade year. A.D. was in eighth grade from 2013 to 2014. A.D. told the SANE that the sexual abuse began when she was in the sixth grade and ended when she was in the eighth grade. A.D. told the forensic interviewer that the sexual abuse started when A.D. was in sixth grade and ended when she was in eighth grade. According to the forensic interviewer, A.D. said that the last time Martinez sexually assaulted her, he "[put] his penis in between her legs and put his penis, the part where he pees from, to her part in the hole where she reproduces." The sexual assaults ended when L.D. broke up with Martinez and kicked him out of the house in 2013.

Martinez contends that this evidence in insufficient to show that a specific act of sexual abuse occurred more than thirty days after the first because the descriptions and their timing are too vague. We disagree. This evidence, viewed in the light most favorable to the jury's verdict, allowed the jury to reasonably infer that Martinez committed several of the acts listed in the indictment, starting in 2011 at the earliest and continuing through at least 2013. *See Machado v. State*, No. 02-15-00365-CR, 2016 WL 3962731, at *3 (Tex. App.—Fort Worth July 21, 2016, pet. ref'd) (mem. op., not designated for publication) ("The record contains evidentiary puzzle pieces that the jury could have carefully fit together to rationally find beyond a reasonable doubt that appellant's sexual abuse of [victim] occurred over

7

a period of thirty days or more.") (citing and quoting *Flowers v. State*, 220 S.W.3d 919, 923 (Tex. Crim. App. 2007) ("The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece.")). The jury could have rationally found that Martinez's sexual abuse of A.D. covered a period of longer than thirty days; the jury did not speculate in so concluding. We overrule issue one.

## Court Costs

In issue two, Martinez relies on *Salinas v. State*, 523 S.W.3d 103, 108–11 (Tex. Crim. App. 2017) in contending that the following assessed court costs should be deleted or reduced because they do not serve legitimate criminal justice purposes: a $22.50 criminal records fee under Code of Criminal Procedure article 102.005(f)1; a $100 child-abuse-prevention fee under Code of Criminal Procedure article 102.0186; and a $250 DNA testing fee under Code of Criminal Procedure article 102.020(a)(1), (h).

The Second Court of Appeals addressed and rejected these same arguments in *Monroe v. State*, No. 02-17-00118-CR, 2018 WL 4354398, at *5–6 (Tex. App.—Fort Worth, Sept. 13, 2018, pet. ref'd) (mem. op., not designated for publication). In *Monroe*, the appellant, using the same arguments as Martinez, challenged the constitutionality of the same three articles. *See id.* Rejecting these arguments, the Second Court of Appeals found that each fee is facially constitutional and used for legitimate criminal justice purposes. *See id.*; *see also*

8

*Horton v. State*, 530 S.W.3d 717, 725 (Tex. App.—Fort Worth 2017, pet. ref'd) (holding article 102.0186 to be facially constitutional); *Ingram v. State*, 503 S.W.3d 745, 748–50 (Tex. App.—Fort Worth 2016, pet. ref'd) (same). Because we have not addressed this issue and because this appeal was transferred from the Second Court of Appeals, we will apply its precedent and therefore overrule issue two. *See* TEX. R. APP. P. 41.3.

## Incorrect Judgment

Count Six of the indictment charged Martinez with the offense of indecency with a child by contact, and the jury found him guilty of that offense. The judgment on Count Six reflects a conviction for the offense of continuous sexual abuse of a child under age 14 as a first-degree felony and section 21.02 of the Penal Code as the statute for the offense. The State agrees that the judgment on Count Six should reflect a conviction for the offense of indecency with a child by contact as a second-degree felony and section 21.11 of the Penal Code as the statute for the offense.

We sustain issue three and modify the trial court's judgment on Count Six to reflect a conviction for the second-degree felony offense of indecency with a child by contact and to reflect the statute for that offense as section 21.11 of the Penal Code. *See* TEX. R. APP. P. 43.2(b); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

9

## Conclusion

We affirm the trial court's judgment on Count One. We affirm the trial court's judgment on Count Six as modified.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).