

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## 06-20-00006-CR

_____

JASON GORDON GRANT CASTOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28396

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

A Lamar County jury convicted Jason Gordon Grant Castor of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11. In accordance with the jury's verdict on punishment, the trial court sentenced Castor to ten years' imprisonment and imposed a $10,000.00 fine. In his sole point of error on appeal, Castor argues that the judgment listed a fine of $10,100.00 and requests that this Court modify the judgment by deleting the extra $100.00 fine because it was not orally pronounced. The State argues that the additional $100.00 was court costs, not a fine. We agree. However, we modify the trial court's judgment by subtracting $100.00 from the fine section of the judgment and adding it to the section allocated for court costs. As modified, we affirm the trial court's judgment.

"[C]ourt costs are not part of the sentence and do not need to be orally pronounced." *Allen v. State*, 426 S.W.3d 253, 257 (Tex. App.—Texarkana 2013, no pet.). The version of Article 102.0186 of the Texas Code of Criminal Procedure that applies to this case stated that a person convicted of indecency with a child was to pay an additional cost of $100.00 on conviction of the offense and that the cost was to be collected by the court clerk.[1] Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.127, 2005 Tex. Gen. Laws 621, 684. "[T]he $100 imposed to be deposited in 'the county child abuse prevention fund' is related to the administration of the criminal justice system." *Ingram v. State*, 503 S.W.3d 745, 749 (Tex. App.—Fort Worth 2016, pet. ref'd); *see* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.127, 2005 Tex. Gen. Laws 621, 684 (codified at

---

[1]The current version of Article 102.0186 labels the $100.00 as a fine but does not apply here since Castor's offense occurred before the January 1, 2020, effective date. *See* Act of May 21, 2019, 86th Leg., R.S., ch. 1352, §§ 2.39, 5.01, 2019 Tex. Gen. Laws 60, 131 (codified at TEX. CODE CRIM. PROC. art. 102.0186(a), (c)) (eff. Jan. 1, 2020).

TEX. CODE CRIM. PROC. art. 102.0186(d)).  As a result, the $100.00 cost was not required to be orally pronounced.  *See id.* at 748.  We overrule Castor's sole point of error.

Even so, while the bill of costs correctly stated that Castor's fine was only $10,000.00 and listed $100.00 as court costs for a child abuse prevention fee, the judgment included the sum as a fine.  "We have the authority to modify the judgment to make the record speak the truth."  *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.)).  To make the record speak the truth, we must subtract the $100.00 assessment from the fine section and add it to the section allocated for court costs.

We modify the judgment to show that Castor's fine is $10,000.00 and his court costs are $390.00.  As modified, we affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     August 18, 2020
Date Decided:       August 19, 2020

Do Not Publish

3