**James Alan HORTON, Appellant**

v.

**The STATE of Texas**

**NO. PD-0468-17**

Court of Criminal Appeals of Texas.

Filed: October 4, 2017

A. Clay Graham, Law Offices of A. Clay Graham, The Texas Building, 855 Texas St. Ste 120, Fort Worth, TX 76102, Lauren R. Crisera,The Texas Building, 855 Texas Street, Suite 120, Fort Worth, Texas 76102, for Appellant.

Debra Windsor, Tarrant Co. District Attorney's Office, 401 West Belknap, Fort Worth, Texas 76196, Stacey Soule, State's Attorney, Austin, TX, for the State.

Petition for discretionary review refused.

Newell, J., filed a dissenting opinion in which Richardson, J. joined.

In this case, the court of appeals agrees with the Appellant that the imposition of two statutory court costs is unconstitutional in light of this Court's decision in *Salinas v. State*. However, Applicant still has to pay these costs because of this Court's discussion of the issue of retroactivity in that case. I would grant Appellant's petition for discretionary review because the court of appeals' holding regarding the imposition of court costs was not required by this Court's opinion in *Salinas v. State*.

Our holding regarding retroactivity in *Salinas* was not necessary to the resolution of that case and therefore provides no binding authority. *See, e.g., Baumgart v. State*, 512 S.W.3d 335, 342 (Tex. Crim. App. 2017) (refusing to treat statement in previous case as binding authority because it was not necessary to the resolution of the case). We review decisions of courts of appeals on discretionary review. Tex. Const. art. V, § 5(b) ("[T]he Court of Criminal Appeals may, on its own motion, review a decision of a Court of Appeals in a criminal case."); *Holland v. State*, 802 S.W.2d 696, 701 (Tex. Crim. App. 1991) ("In our discretionary review capacity we review 'decisions' of the court of appeals."). In *Salinas*, the court of appeals never considered the issue of retroactivity because it declared the court costs at issue constitutional. *Salinas v. State*, 485 S.W.3d 222, 226-27 (Tex. App.—Houston [14th Dist.] 2016). It was not part of the "decision" under review, and any discussion of

---

retroactivity was not necessary to the resolution of that case.

Moreover, as Chief Justice Livingston sets out in her dissent below, the United States Supreme Court has held that the failure to apply a "newly declared" constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication. *Horton v. State*, 530 S.W.3d 717, 2017 WL 1953333, at *8 n. 3 (Tex. App.—Fort Worth May 11, 2017) (Livingston, C.J., dissenting) (citing *Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)).[1] As Chief Justice Livingston eloquently explained

> This unequal treatment of defendants–opening the doors for some of them to enjoy relief from a facially unconstitutional statute and closing the doors for others–raises concerns of due process, due course of law, equal protection, and equal access to courts. *See* U.S. Const. amends. V, XIV; Tex. Const. art. 1, § 19; *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966) ("This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts."); *Vaughn v. State*, 931 S.W.2d 564, 567 (Tex. Crim. App. 1996) ("The only right that the federal constitution confers to criminal defendants in the context of appeal is that if a state provides an appeal by statute, it must pro-vide access to the appellate courts in a way that does not violate the Equal Protection Clause of the Fourteenth Amendment.").

*Horton*, 530 S.W.3d at 727, 2017 WL 1953333, at *8 (Livingston, C.J., dissenting). I share Chief Justice Livingston's concerns that applying the *Salinas* retroactivity analysis raises significant constitutional issues.

Most importantly, elevating this part of *Salinas* to binding precedent has the effect of overturning a number of this Court's prior cases without engaging in any form of *stare decisis* analysis. We have previously and repeatedly held that facially unconstitutional statutes are void from inception. *See, e.g., Ex parte Fournier*, 473 S.W.3d 789, 796 (Tex. Crim. App. 2015); *Smith v. State*, 463 S.W.3d 890, 895 (Tex. Crim. App. 2015); *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988); *see also Ex parte Shay*, 507 S.W.3d 731, 735 (Tex. Crim. App. 2016) (holding that declaring statute facially unconstitutional deprives trial court of subject-matter jurisdiction). If we are going to overrule this precedent, we owe it to the citizens of Texas to do so only after a thorough analysis in a case in which the issue has been properly joined.

I disagreed with this Court's holding that the statutes imposing the court costs at issue in this case are facially unconstitutional. Those arguments did not carry the day. However, I have greater concerns about how this Court's retroactivity dicta will be used in cases in which holding a

---

1. Of course we did not declare a new constitutional rule in *Salinas*, we held that a statute was facially unconstitutional. I agree with Chief Justice Livingston that we cannot equate what we did in *Salinas* with fashioning a new court-made rule. *Horton*, 530 S.W.3d at 727–28, 2017 WL 1953333, at *8 (Livingston, C.J., dissenting). However, even assuming that we could, limiting our holding in *Salinas* to only those cases pending on discretionary review at the time *Salinas* was decided raises significant constitutional concerns. Appellant asks us to address those concerns in his petition for discretionary review, and we should accept the invitation.

statute facially unconstitutional results in greater consequences than an adjustment of court costs by $13.07. *See, e.g., Ex parte Perry*, 483 S.W.3d 884, 917 (Tex. Crim. App. 2016) (holding portions of the Coercion of Public Servant or Voter statute unconstitutionally overbroad in violation of the First Amendment and in violation of the separation of powers); *State v. Johnson*, 475 S.W.3d 860, 882 (Tex. Crim. App. 2015) (holding Texas flag-desecration statute facially unconstitutional); *Ex parte Thompson*, 442 S.W.3d 325, 350 (Tex. Crim. App. 2014) (holding the Improper Photography or Visual Recording statute unconstitutionally overbroad in violation of the First Amendment); *Ex parte Lo*, 424 S.W.3d 10, 24 (Tex. Crim. App. 2013) (holding portions of the Online Solicitation of a Minor statute unconstitutionally overbroad in violation of the First Amendment). That is why I would grant review in this case so that we can fully address the issue of *Salinas*'s retroactivity in an opinion where the issue has actually been raised.

Because the Court does not, I dissent.