

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00368-CR

———————————————————

MICHAEL RAY WATERS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1464942R

Before Meier, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

A jury convicted Appellant Michael Ray Waters of continuous sexual abuse of a child and assessed his punishment at life imprisonment. The trial court sentenced him accordingly. Appellant does not challenge the sufficiency of the evidence supporting his conviction. Instead, in three points, he contends that Section 21.02 of the Texas Penal Code is unconstitutional on its face because it allows a nonunanimous verdict (Point One); that Article 38.37, section 2 of the Texas Code of Criminal Procedure is unconstitutional as applied because it violates his rights to due process, a fair trial, and the presumption of innocence (Point Two); and that Article 102.0186 of the Texas Code of Criminal Procedure—by which the "Child Abuse Prevention Fee" was assessed—is unconstitutional because it violates the Separation of Powers Clause in the Texas Constitution (Point Three). *See* Tex. Code Crim. Proc. Ann. arts. 38.37, § 2, 102.0186 (West 2018); Tex. Penal Code Ann. § 21.02 (West Supp. 2018). Because this court has previously rejected the same complaints Appellant raises and his arguments do not compel us to revisit our precedent, we affirm.

## BACKGROUND FACTS

Appellant had children with five different women, and some of those women first had children with other men. In 2015, M.S., the adult daughter of one of Appellant's former girlfriends and another man, was arrested and confined on capital murder charges. M.S. had a young daughter. M.S. wrote her mother a letter instructing her to keep the little girl away from Appellant because, M.S. later explained

2

to her mother, Appellant had sexually abused M.S. as a child. C.W. (Mother), the mother of L.B. and K.B., the complainants in this case, and former wife of Appellant, heard about the allegations. Around this time, L.B. outcried to Appellant's biological daughter, M.W. Within a day or two of that outcry, L.B. and K.B., along with three other girls—M.W., her biological sister, and M.S.'s sister D.B.—told Mother that Appellant had sexually abused them. Mother contacted the police that night.

L.B. testified that Appellant committed multiple acts of sexual abuse against her over a span of several years, but K.B., who had recanted before the trial, denied all sexual abuse in her testimony. L.B. testified that she saw Appellant make K.B. give him oral sex when K.B. was twelve or thirteen years old, and the forensic interviewer and sexual assault nurse examiner testified about the multiple acts of sexual abuse by Appellant that L.B. and K.B. both reported to them. Additionally, M.S., D.B., and Appellant's daughter A.W. all testified that Appellant had sexually abused them as children. Finally, M.W. testified that Appellant sexually assaulted her when she was seventeen years old.

## DISCUSSION

### I. This Court Has Already Held Section 21.02 of the Texas Penal Code Constitutional on Its Face.

In his first point, Appellant contends that Section 21.02 of the Texas Penal Code, the statute defining the offense of continuous sexual abuse of a child, is unconstitutional because it allows a nonunanimous jury verdict. *See* Tex. Penal Code

3

Ann. § 21.02. As Appellant concedes, this court has already held that the statute does not violate a constitutional right to a unanimous jury verdict. *See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.). Appellant's argument does not persuade us to depart from our precedent. *See id.*; *see also Harris v. State*, No. 02-17-00278-CR, 2018 WL 3153605, at *2 (Tex. App.—Fort Worth June 28, 2018, pet. ref'd) (mem. op., not designated for publication). We overrule his first point.

## II. This Court Has Already Rejected Appellant's Arguments in Holding Article 38.37 of the Texas Code of Criminal Procedure Constitutional as Applied.

In his second point, Appellant contends that the trial court's admission of character and propensity evidence under Article 38.37, section 2 of the Texas Code of Criminal Procedure—specifically the testimony at the guilt-innocence phase of M.S., D.B., M.W., and A.W. about extraneous offenses he committed against them—was unconstitutional in that it violated his rights to due process, a fair trial, and the presumption of innocence. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2. This court has rejected these and similar arguments raised in as-applied challenges to the statute in other cases involving extraneous-offense evidence and sexual abuse of a child. *See Gusman v. State*, No. 02-18-00157-CR, 2018 WL 3060213, at *1–2 (Tex. App.—Fort Worth June 21, 2018, pet. ref'd) (mem. op., not designated for publication); *McNamara v. State*, No. 02-16-00422-CR, 2018 WL 2248665, at *8–9 (Tex. App.—Fort Worth May 17, 2018, pet. ref'd) (mem. op., not designated for publication). This court has

4

also held the statute constitutional on its face, rejecting due process and fair-trial arguments. *See Perez v. State*, No. 02-17-00226-CR, 2018 WL 4627126, at \*6–8 (Tex. App.—Fort Worth Sept. 27, 2018, no pet. h.). Because we see no reason to depart from these holdings, we overrule Appellant's second point.

## III. We Have Already Held Article 102.0186 of the Texas Code of Criminal Procedure Constitutional on Its Face.

In his third point, Appellant argues that Article 102.0186, which directs persons convicted of child sexual assault or related offenses to pay $100 in court costs to be deposited in the county child abuse prevention fund, is facially unconstitutional because it violates the Texas Constitution's Separation of Powers Clause. *See* Tex. Code Crim. Proc. Ann. art. 102.0186. As Appellant notes, this court has previously rejected this argument, holding that article 102.0186 is not facially unconstitutional because the $100 fee relates to the administration of the criminal justice system. *See Horton v. State*, 530 S.W.3d 717, 725 (Tex. App.—Fort Worth 2017) (en banc), *pet. ref'd*, 537 S.W.3d 515 (Tex. Crim. App. 2017); *Ingram v. State*, 503 S.W.3d 745, 749 (Tex. App.—Fort Worth 2016, pet. ref'd); *see also Peraza v. State*, 467 S.W.3d 508, 517–18 (Tex. Crim. App. 2015) (holding that when a statute "provides for . . . allocate[ed] . . . court costs to be expended for" a purpose "relate[d] to the administration of our criminal justice system," it does not violate the Separation of Powers Clause), *cert. denied*, 136 S. Ct. 1188 (2016). We see no reason to disturb this holding. We overrule Appellant's third point.

## CONCLUSION

Having overruled Appellant's three points, we affirm the trial court's judgment.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 13, 2018